LARSON, Respondent, vs. LAKE SUPERIOR TERMINAL & TRANSFER RAILWAY COMPANY, Appellant.

*February 24 — March 17, 1891.*

*Affirmance on appeal.*

Where, on appeal, in an action by a father to recover damages for an injury to his daughter, alleged to have been caused by defendant's negligence, the record shows that the verdict for the plaintiff is sustained by a preponderance of evidence, and that the instructions to the jury were sufficiently favorable to the defendant, the judgment will be affirmed.

APPEAL from the Circuit Court for *Douglas* County. The case is sufficiently stated in the opinion.

For the appellants there was a brief by *Catlin & Butler,* and oral argument by *C. L. Catlin.* To the point that a

nonsuit ought to have been granted, the facts conclusively showing contributory negligence on the part of the child, they cited *Hoth v. Peters*, 55 Wis. 405; *Merchants' Bank v. State Bank*, 15 Wall. 604; *Pleasants v. Fant*, 22 id. 116; *Hubert v. Butler*, 97 U. S. 319; *Griggs v. Houston*, 104 id. 553; *Schofield v. Railway Co.* 114 id. 615.

For the respondent there was a brief by *John Brennan* and *John J. Jenswold*, and oral argument by *T. E. Lyons.*

TAYLOR, J.   The respondent brought this action to recover damages for an injury to his infant daughter, which he claims was caused by the negligence and carelessness of the defendant company.   The action was to recover the damages the father had sustained, not for the personal injury to the child.   The case was tried by the court and a jury, and the jury returned a verdict in favor of the respondent, and assessed his damages at $234.50, and the company, after moving for a new trial on the ground that the verdict was wholly unsupported by the evidence, which was denied by the trial court, appealed to this court.

The only error assigned by the learned counsel for the appellant is that the court refused to grant a nonsuit upon his motion, and refused to grant the motion for a new trial.   There are no exceptions in the record, except those taken to the refusal to nonsuit the plaintiff, and to the refusal to grant a new trial, on the ground that the evidence does not support the verdict.   In this court the learned counsel have urged that the evidence fails to show any negligence on the part of the defendant, and it is also urged that the evidence shows conclusively that the plaintiff or his infant daughter, one or both, were guilty of negligence which contributed to the accident complained of.

After a careful examination of the evidence contained in the record, we are satisfied with the decision of the learned trial judge upon both these questions.   He decided that

upon the evidence given upon the trial both questions were questions of fact for the jury, and not of law for the court. That the trial judge was clearly right upon the evidence seems to us so evident that it would be a waste of time and no benefit to the profession or the public to quote the evidence bearing upon these questions and commenting upon the law applicable thereto. We have examined the instructions of the learned trial judge to the jury, to which no exceptions were taken, and we are satisfied that he submitted the case upon the evidence to the jury, with instructions which were sufficiently favorable to defendant, and we are also satisfied that there was not only some evidence to sustain the verdict of the jury, but that the verdict is sustained by the preponderance of the evidence in the case.

*By the Court.*— The judgment of the circuit court is affirmed.