McCoy, by guardian *ad litem*, Respondent, vs. The Mil-
waukee Street Railway Company, Appellant.

*April 13 — May 3, 1892.*

Street Railways: Negligence.  (*1*) *New trial: Verdict contrary to
evidence.* (*2*) *Contributory negligence: Court and jury.*

1. In an action against a street railway company for personal injuries
alleged to have been caused by the negligence of the driver of a
horse-car, plaintiff testified that while riding on horseback his
horse fell and he fell under the horse about 150 feet ahead of the
car, and while he was lying there the wheel of the car ran over his
arm.   His testimony as to the place where the horse fell was not
corroborated; but four disinterested witnesses, who were riding on
the car in a position to see the accident, testified that the horse fell
by the side of the car.   *Held*, that it was an abuse of discretion not
to set aside a verdict in favor of plaintiff as being contrary to the
weight of evidence.
2. In such case, the answer having alleged contributory negligence,
that question should have been submitted to the jury, even on
plaintiff's theory of the facts; and it was error to charge the jury
to the effect that there was no claim on the part of defendant that
plaintiff was guilty of contributory negligence, so that if they came
to the conclusion that plaintiff's version was correct, the only thing
for them to inquire after was whether the driver was guilty of
negligence.

APPEAL from the Superior Court of *Milwaukee* County.
This is an action for personal injury sustained by the
plaintiff while engaged in traveling on West Water street,
in Milwaukee, at a point between Clybourn and Sycamore
streets, upon horseback, as a messenger boy, by reason of the
horse stumbling and falling upon the plaintiff, and the car
running into and injuring him.   The complaint is in the
usual form in such cases.   The answer consists of admissions
of incorporation, etc., denials, and alleges as a separate and
second defense to the complaint that any injury sustained
by the plaintiff was caused by his own negligence, directly
contributing thereto.

McCoy vs. The Milwaukee Street R. Co.

The trial judge, in his charge to the jury, stated, in effect, that there are two different accounts that are given by the witnesses of this transaction and of the manner in which it occurred. One is an account given by the plaintiff himself, of the fact that he was riding along the street on a horse, and that the horse accidentally stumbled or slipped and fell, and that he fell under the horse, some 150 feet ahead of the street car, and that while lying there the wheel of the car ran over his arm and crushed it in the manner described. The other account is on the part of the defendant, and is, in substance, that he fell from his horse or the horse fell down by the side of the street car after the car had passed by him, and the horse fell and the boy fell down under him, if he fell at all, by the side of the car or near the rear end of the car. At the close of the trial the jury returned a verdict in favor of the plaintiff for $2,500. From the judgment entered thereon the defendant appeals.

For the appellant there was a brief by *Miller, Noyes & Miller*, and oral argument by *B. K. Miller, Jr.*

For the respondent there was a brief by *Turner & Timlin*, and oral argument by *W. J. Turner.*

CASSODAY, J.   The car of the defendant, which it is claimed ran upon the plaintiff, was at the time of the accident going north on West Water street towards Grand avenue. According to the plaintiff's testimony the accident occurred somewhere between Clybourn and Sycamore streets. According to the defendant's witnesses, it occurred between Fowler and Clybourn streets. It is undisputed that the accident occurred about half past 6 o'clock on the evening of April 27, 1891, in broad daylight; that the plaintiff was at the time about eighteen years of age, riding a large bay horse, blind in one eye, called "Highflyer," because he was "long-legged and skinny;" that said horse

had been used as a wagon horse, and that the plaintiff had never ridden him before, and did not know as others had; that the boy had been riding the horse in the vicinity of the car from as far south as Reed street; that after crossing the bridge the car got ahead of the boy on the horse; and that the car was full, or nearly full, of passengers.

The theory that the horse fell at or near the track anywhere ahead of the car is based entirely upon the plaintiff's testimony alone. That testimony was flatly contradicted by four disinterested witnesses, riding upon the car, including the driver, who had ceased to be in the employ of the defendant. These four witnesses all testify positively that the horse fell by the side of the car, and near the middle or rear end. They were each and all in a position to know whether the horse fell in front of the car or not, and the testimony of each of them is irreconcilably in conflict with the testimony of the plaintiff on the vital question in the case. It is true the learned trial judge left it to the jury to determine which of the two accounts of the transaction was the true one; and it is manifest that they must have found that the plaintiff's account was the true one, notwithstanding it is against the clear preponderance and weight of the evidence, besides being in some respects incredible. If the horse actually fell in front of the car, and the plaintiff was then run upon by the car, as claimed, the occurrence would not only have startled the numerous bystanders in the car, but also the numerous others in the street; and consequently there would have been no difficulty in finding plenty of witnesses to corroborate the plaintiff's version.

In certain classes of cases jurors may be so impregnated with sympathy for the one party and prejudice against the other as to inadvertently disregard the responsibility imposed by the oath administered; and this may have been stimulated by a portion of the charge, to the effect that "the weight of testimony does not depend upon the num-

McCoy vs. The Milwaukee Street R. Co.

ber of witnesses." From this the jury may have inferred that the court regarded the plaintiff's uncorroborated testimony as weighty as that of all the witnesses on the part of the defendant. While the weight of testimony does not necessarily depend upon the number of witnesses, yet, where the witnesses are of equal credibility, it may undoubtedly be increased by the number of witnesses. Of course the weight and credibility are for the jury. *Bierbach v. Goodyear R. Co.* 54 Wis. 213; *Shekey v. Eldredge,* 71 Wis. 538. Where the testimony on the one side clearly outweighs the testimony on the other the verdict should be accordingly. *Spensley v. Lancashire Ins. Co.* 62 Wis. 452; *Telford v. Frost,* 76 Wis. 176.

In the case at bar there is nothing tending to discredit any of the defendant's witnesses, whereas the plaintiff was seeking to recover upon his own testimony. The court was specially asked to set aside the verdict on the ground that it is contrary to the weight and preponderance of the evidence. Under all the circumstances of this case, we think this motion should have been granted, and that it was an abuse of discretion not to grant the same. *Beveridge v. Welch,* 7 Wis. 465; *Jones v. C. & N. W. R. Co.* 49 Wis. 352; *Allen v. Milwaukee,* 72 Wis. 182.

Besides, we think it was error for the court to charge the jury to the effect that there was no claim or pretense on the part of the defendant that the plaintiff was guilty of contributory negligence, so that, if the jury came to the conclusion that the plaintiff's version of the transaction was the correct one, then the only thing for them to inquire after was whether the driver was guilty of negligence. As indicated, the answer alleged contributory negligence; and we do not think that issue should have been taken from the jury, even on the plaintiff's theory of the facts.

*By the Court.*— The judgment of the superior court of Milwaukee county is reversed, and the cause is remanded for a new trial.