Hardy vs. Milwaukee Street R. Co.

HARDY, Respondent, vs. MILWAUKEE STREET RAILWAY COM-
PANY, Appellant.

*December 12, 1894 — January 8, 1895.*

*Street railways: Negligence: Injury to passenger while alighting: Court
and jury: Evidence: Instructions: Damages.*

1. In an action against a street railway company for personal injuries,
although plaintiff's testimony that she was thrown down by the
negligent starting of the street car after it had stopped for her to
alight stands substantially alone and is contradicted by several
witnesses who testified that she attempted to alight before the car
had stopped, yet, there being no circumstances in the case which
make her story intrinsically improbable or incredible, this court
cannot hold that it was error to refuse to set aside a verdict in her
favor as being against the preponderance of the evidence. *McCoy
v. Milwaukee St. R. Co.* 82 Wis. 215, distinguished.

2. An instruction to the jury that "the weight of evidence does not
depend upon the number of witnesses to a given fact, but it de-
pends upon the amount of credit that you will give to the testi-
mony of one or all of the witnesses in the case," although open to
criticism if it had stood alone, could not have misled the jury
where it was followed by full and correct instructions on the gen-
eral tests of credibility.

3. A witness for the defendant, who had testified that he saw the car
coming down the street and thought it was coming too fast, that it
slowed up, and that plaintiff got off while it was still moving slowly,
was asked on cross-examination if he had not stated to plaintiff's
attorney that he considered it the most careless piece of business
he ever saw. Against objection he answered that he had, and ex-
plained that he meant the speed of the car as it came down the
street. *Held*, that the admission of such statement was not error.

4. After the admission of such evidence, it was error to refuse to in-
struct the jury that the speed of the car as it approached, and be-
fore the accident, had no bearing upon the question of defend-
ant's negligence.

5. An instruction allowing the jury to assess damages for the pain and
suffering which the plaintiff "may endure hereafter," and for the
loss of such time "as the evidence convinces you she will be
likely to suffer hereafter," was erroneous, as allowing the jury to
go into the field of mere probability.

Hardy vs. Milwaukee Street R. Co.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Reversed.*

Personal injuries. The plaintiff was injured September 7, 1891, while alighting from defendant's electric street car, on Van Buren street, in the city of Milwaukee. She claimed in her complaint, and by her evidence on the trial, that the car on which she was a passenger had stopped to allow her to alight, and that while she was stepping off from the car it was negligently started in motion by the conductor or motorman, and she was thereby thrown to the ground. On the part of the defendant, it was claimed in the answer, and by evidence on the trial, that the plaintiff voluntarily stepped from the car while it was in motion, and thus that her fall was the result of her own negligence.

The jury returned a special verdict, by which they found (1) that the car on which plaintiff was riding stopped at the corner for her to alight; (2) that the plaintiff did not alight from the car before it came to a full stop; (3) that the plaintiff was thrown down while attempting to alight from the car, by reason of the car being started by the motorman while she was in the act of leaving it; (4) that she did not have time to descend from the car to the ground before it started; (5) that the defendant's employees were guilty of negligence, or want of care, skill, and prudence, which caused the injury to plaintiff; (6) that the plaintiff was not guilty of contributory negligence; (7) that her damages amount to $7,000. Upon this verdict, judgment was rendered for the plaintiff, and defendant appeals.

For the appellant there were briefs by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *E. P. Vilas.*

For the respondent there was a brief by *Austin & Hamilton,* and oral argument by *W. H. Austin.*

WINSLOW, J. We were strongly urged to hold that the verdict is clearly against the preponderance of the evidence,

as was held in *McCoy v. Milwaukee St. R. Co.* 82 Wis. 215. It is true that the plaintiff's testimony to the effect that the car had stopped when she started to alight, and that she was thrown down by the negligent starting thereof, stands substantially alone, and that it is contradicted by several witnesses, who testified that she attempted to alight before the car had fully stopped; but there are no circumstances in the case which make her story intrinsically improbable or incredible, as there were in the *McCoy Case*, and we cannot say, after reviewing the evidence, that the refusal to set aside the verdict, as against the preponderance of the evidence, was error.

The trial judge charged the jury that "the weight of evidence does not depend upon the number of witnesses to a given fact, but it depends upon the amount of credit that you will give to the testimony of one or all of the witnesses in the case;" and this is alleged as error, because it is said that the effect of it is to tell the jury that the number of witnesses cuts no figure on the question of preponderance of evidence. If this instruction stood alone, it might be subject to criticism, as a similar instruction was in the *McCoy Case;* but the trial judge, in the present case, also charged the jury in the same connection, substantially, that the manner of the witnesses on the stand, their apparent interest in the case, their means and opportunities of observing the facts to which they testified, and the probability of their statements, were all to be considered in determining whether they testified correctly or not; and in another part of the charge he gave another instruction on the same subject: "In considering the question of the alleged negligence of the defendant, you are to take into consideration all of the evidence; the number, character, and appearance of the witnesses; the interest, if any, which any of them may have in the event of the suit; the manner of their giving their testimony; their apparent fairness and candor; and the prob-

ability, in connection with all of the evidence and the circumstances surrounding the matters testified to, of the truth of the matters testified to by the several witnesses: This is not only applicable to the witnesses for the defendant, but is applicable to all the witnesses that have testified in this case. You are to judge of the amount of credibility that is to be given to the testimony, as given here under oath, by their appearance and by the interest that they may appear to have, and by the motives that they may seem to be influenced by. You are not at liberty to reject the testimony of any witness, except for a good and substantial reason which convinces your mind that his or her testimony has been substantially untrue or improbable or unreliable." We think, in view of these quite full and correct remarks on the general tests of credibility, the jury could not have been in any way misled by the general statements first above quoted.

One Whitehill was called as a witness for the defense. He was standing on the adjacent street corner at the time of the accident, and testified that he saw the car coming down the street, and that he thought it was coming too fast; that it slowed up, and that the plaintiff got off the car while it was still moving slowly; and that she appeared to sink to the ground. On cross-examination he was asked whether he had not said to Mr. Hamilton, one of the plaintiff's attorneys, at a certain time and place, that he considered it the most careless piece of business he ever saw. He answered this question, against objection and exception, that he did, and then explained that he meant the speed of the car as it came down the street. On this subject the defendant requested the following instructions to be given to the jury: "Under the evidence in this action, the question of the speed of the car as it approached Van Buren street, and before the accident happened, has no bearing upon the question of the negligence of the defendant or of the plaintiff." "The speed of the car as it approached Van Buren street

Hardy vs. Milwaukee Street R. Co.

should not be considered by you upon the question of negligence of the defendant. It is not shown by any of the evidence that the speed of the car was in any way the cause of the accident." Both of these instructions were refused, and exceptions taken. We do not think the admission of Whitehill's statement to Hamilton was error. He had, upon the witness stand, stated facts tending to exculpate the defendant from negligence and carelessness at the time of the accident; and it was proper to ask him, on cross-examination, if he had not made a statement apparently in contradiction with his testimony given on the stand, not as substantive proof of negligence, but as bearing upon his credibility as a witness. Certainly, however, when this proof had been admitted, the defendant was entitled to the instructions which it asked, to the effect that the speed of the car had no bearing on the question of the defendant's negligence. The ordinary jury does not reason with logical exactness, and it might reasonably be thought by the jury that, if the defendant's servants were negligent in operating the car just before the accident, they were probably negligent also at the time of the accdent. To avoid any such inference, the instructions asked for, or their equivalent, were proper, and should have been given.

Criticism is made on that part of the charge relating to damages for permanent disability. The charge allows the jury to assess damages for the pain and suffering which the plaintiff "may endure hereafter," and for the loss of such time "as the evidence convinces you she will be likely to suffer hereafter." The rule is that the alleged permanent disability, in order to be a ground for damages, must be one that is reasonably certain to result from the injury complained of. *White v. Milwaukee C. R. Co.* 61 Wis. 536. We think the charge was too broad in its terms, and allowed the jury to go into a field of mere probability, instead of being confined to the field of reasonable certainty.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.