Adams, Respondent, vs. Chicago & Northwestern Railway Company, Appellant.

*February 9 — March 5, 1895.*

*Appeal: Question of fact: Credibility of witnesses: Setting aside verdict.*

In an action against a railway company for personal injuries alleged to have been caused by defects in a walk and steps leading to a depot platform, plaintiff's account of the way in which the injury occurred not being highly improbable, and the evidence on his part, if believed by the jury, being sufficient to sustain the verdict in his favor, this court declines to interfere, although there seems to be a preponderance of evidence against such verdict and the trial court ought, perhaps, to have granted a new trial.

Appeal from a judgment of the circuit court for Grant county: Geo. Clementson, Circuit Judge. *Affirmed.*

This is an appeal from a judgment of $800 damages, besides costs, recovered by the plaintiff against the defendant for an injury sustained by him at the depot of the defendant at Platteville. While waiting for the arrival of the evening passenger train upon which he intended to take passage, and after having purchased his ticket, he had been to the outbuilding and was returning, with an employee of the defendant, over a board walk and up stairs or steps to

the depot platform, when, as it is alleged, without fault on his part, he stepped into an opening between the walk and the said steps or stairs, and fell forward, breaking his leg; and it was charged that the said walk and steps were negligently constructed and in, an unsafe and dangerous condition, and that by reason thereof he sustained his injury. The answer was a general denial, and alleging that the injury was caused by his own carelessness and negligence, and not by the negligence or fault of the defendant or its servants.

The jury found a special verdict, in substance, that the steps and sidewalk immediately at their foot were not in a reasonably safe condition to accommodate those who had occasion to use them, by reason of an open space between the end of the sidewalk and the first step, of the width of eight inches; that the plaintiff received the injury to his leg by reason of his foot going through said open space, and that he was walking with ordinary care to avoid injury; that there was snow, that had recently fallen, upon the steps and sidewalk at the time of the accident, but his foot did not go into the opening by reason of its slipping upon the snow as he walked. His damages were assessed at $800.

A motion to set aside the verdict and for a new trial was made on various grounds,— among others that it was contrary to the evidence,— but was denied. The only question made on appeal was whether the court erred in refusing a new trial on the ground stated.

For the appellant the cause was submitted on the brief of *Winkler, Flanders, Smith, Bottum & Vilas.*

For the respondent there was a brief by *J. M. Smith* and *T. L. Cleary,* and oral argument by *Mr. Cleary.*

PINNEY, J. The evidence on the part of the plaintiff, if believed by the jury, is clearly sufficient to sustain the verdict. It is not disputed but that the plaintiff was injured,

on returning from the outhouse, by his foot and leg going down in a hole or space between the walk and the first of the steps leading from the walk to the depot platform.   He revisited the place of the accident after his injury and before the steps and platform had been rebuilt, and his testimony was to the effect that it was dark at the time, and the space or hole between the walk and the steps was, he thought, ten inches, and it was covered with snow; that it was wide enough to admit his foot and leg, and deep enough so that he fell forward and fractured his leg; that the first step raised about eight inches from the walk.   And some of the evidence on the part of the defendant tends to sustain this fact, and to cast doubt upon the accuracy of the sketch produced in evidence, in respect to which some of defendant's witnesses testified.   According to this sketch, the space between the walk and first step was two and one-half inches, and the rise was three and one-quarter inches, but the measurements from which the sketch was made had, it was said, been lost.   It seems hardly probable, if possible, that the accident could have occurred in the way the plaintiff describes it if these were the true measurements.   No other measurements appear to have been made, but two models were produced, said to represent the situation at the time, and the one produced by the defendant shows that the rise to the first step was six and one-quarter inches, instead of three and one-quarter, and the party who made it testified that he had been directed to make it as he did; but neither of the models has been produced here, though much of the evidence relates to one of them, and is not very clear by reason of its absence.

There is, under all the evidence, nothing to render the account of the plaintiff highly improbable as to the manner in which the injury occurred, as there was in the case of *McCoy v. Milwaukee St. R. Co.* 82 Wis. 215, in view of all the surrounding circumstances.   It is true that it may fairly

be said that there seems to be quite a preponderance of evidence against the plaintiff as to the width of the space between the walk and the steps, and as to the depth of the hole between the two, if there was such a hole. Some of the defendant's witnesses think that the walk extended under the first step, but they all testify as to their memory of a condition of affairs that had ceased to exist about six months after the accident and over a year before the trial. The plaintiff testifies that the hole was ten inches deep, and that the walk was raised above the ground, and that, when he returned after his injury, he put his crutch down into it. Most of the defendant's witnesses say that there was no hole there, or that they do not remember any; but two of them at least think there was a depression or hole, of no very particular significance, but rather under the step. Under the circumstances disclosed by the record it was a question for the jury whether they ought to believe the plaintiff's testimony as against a majority of witnesses against it, and when in such case there is evidence to support the findings of the jury they will not be disturbed. Questions of conflict of evidence and credibility of witnesses are for the jury.

It may be that, in the exercise of sound discretion, the circuit court ought to have granted a new trial; but that court had opportunities of judging of this matter which we do not possess, and we cannot say that the refusal to grant a new trial was an abuse of discretion. Our observation of cases brought to this court has satisfied us that it would be in the interests of a wise and satisfactory administration of justice if the trial courts should exercise their power to grant new trials, in view of their intimate knowledge and familiarity with the facts of cases as they come before them, much more frequently than they are accustomed to do, instead of leaving parties to seek a remedy here against verdicts that are claimed to be contrary to the real merits and against the decided weight of evidence.

The case of *McCoy v. Milwaukee St. R. Co.* 82 Wis. 215, was peculiar and exceptional, but the rule of this court, in cases such as we are considering, against interfering to set aside a verdict, is too well settled to require reference to the numerous decisions on the subject, among which *Cunningham v. Brown*, 44 Wis. 77; *Ely v. Daily*, 40 Wis. 53; *Van Doran v. Armstrong*, 28 Wis. 236; *Bierbach v. Goodyear R. Co.* 54 Wis. 209; *Larson v. L. S. T. & T. R. Co.* 79 Wis. 201; *Snyder v. Wright*, 13 Wis. 689; *Smith v. Coleman*, 77 Wis. 343; *Walker v. Duncan*, 68 Wis. 624; *Shekey v. Eldredge*, 71 Wis. 538,— may be mentioned. The result is that the judgment appealed from should be affirmed.

*By the Court.*— The judgment of the circuit court is affirmed.