BADING, Respondent, vs. THE MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Appellant.

*January 11 — February 2, 1900.*

*Personal injuries: Evidence: Verdicts: Instructions to jury: Excessive damages.*

1. Where plaintiff's version of a matter stands alone, except for the support given it by the somewhat vague and uncertain statements of one of her witnesses, and is distinctly contradicted by a number of disinterested witnesses, as well as by defendant's employees, in order to justify the entire rejection of her testimony and the direction of a verdict in utter disregard thereof, it must appear that the testimony to be rejected is incredible, or contrary to all reasonable probabilities in the face of undisputed facts.

2. Where the court had twice charged the jury that the plaintiff, a married woman shown to be the housekeeper of her husband, could not recover for loss of time, that portion of the charge that she was entitled to recover " for her loss of strength and general ability to pursue her regular avocation," while inaccurate, is not prejudicially erroneous, taken in connection with the specific direction that she could not recover for loss of time.

3. A verdict for $1,350, in favor of a married woman sixty-nine years of age, for severe injuries to the arm and wrist, is *held* not excessive, where there is much evidence of physical suffering, and it seems quite conclusive that the injuries are permanent, and will entail suffering in the future.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

This is an action for personal injuries resulting to the plaintiff by a fall from one of the defendant's electric street cars in the city of Milwaukee. The evidence showed that the plaintiff was a passenger upon one of the defendant's cars on State street on the 24th day of September, 1897, that she desired to stop at Twelfth street, but that the car did not stop at Twelfth street, and that the plaintiff then gave the conductor the signal to stop. The car was an open car, with a footboard along the side, and the plaintiff was sitting on the proper side of the car from which to step off. She testified that she stepped onto the footboard, and, after the car came to a full stop, she started to step off, and the car started, and she was thrown to the ground, suffering some severe injuries to her arm and wrist. The plaintiff is the wife of the Rev. John Bading of Milwaukee, and had lived in Milwaukee nearly thirty years, and was sixty-nine years of age at the time of the accident. One Mrs. Julia Adelberg was with the plaintiff on the car, sitting next to her, and testified as follows: " After she [*Mrs. Bading*] beckoned, the conductor rang the bell, and the car stopped. *Mrs. Bading* was sitting ready to jump out, and took hold of the post, and sprung out. Then she fell. The first thing — I was not looking then — the first thing I saw, I saw her lying in the mud. This is all I know. *Q.* Was the car moving or standing still when she fell. *A.* It seems to me it jerked a little when the car stopped." Cross-examination: "*Q.* As you remember, the car stopped; it did not stop and move on again ? *A.* No sir; if it did, I know nothing about it." Upon the part of the defense, three witnesses, who were passengers upon the same car, testified that they saw the transaction, and that *Mrs. Bading* stepped off the car before it had stopped. The conductor and motorman upon the car also testified to the same effect. The jury returned a general verdict for the plaintiff, and assessed her damages at $1,350. Before the submission of the

case to the jury, the defendant requested the court to direct a verdict in its favor, which motion was overruled, and exception taken. After the return of the verdict, the defendant moved to set the same aside, as against the weight of the evidence, but the motion was overruled, and judgment entered upon the verdict, and the defendant appeals.

For the appellant there was a brief by *Spooner, Rosecrantz & Spooner*, and oral argument by *C. M. Rosecrantz.*

*C. H. Hamilton*, for the respondent.

WINSLOW, J    The appellant's contentions are (1) that the verdict should have been directed for the defendant; (2) that the court erred in its charge upon the subject of damages; (3) that the damages are excessive.

1. It is argued that the plaintiff's claim that the car had stopped before she attempted to alight, and started again suddenly while she was stepping to the ground, is utterly at variance with all the reasonable probabilities, and against the overwhelming preponderance of the evidence, and that, therefore, a verdict for the defendant should have been directed. Upon this contention reliance is placed upon the case of *McCoy v. Milwaukee St. R. Co.* 82 Wis. 215. It is not to be denied that the plaintiff's story was directly contradicted by a number of disinterested witnesses, as well as by the employees of the defendant, and that her version of the matter stands alone, except for the support given it by the somewhat vague and uncertain statements of Mrs. Adelberg; yet we do not feel prepared to say that the story was so improbable and incredible, and so completely overcome by the testimony of the other witnesses, that a verdict based thereon cannot be supported. The plaintiff was an old lady of character and standing. Her story was not intrinsically improbable. The accident might well have happened just as she described it. The trial judge had the advantage of seeing her upon the stand, as well as the adverse witnesses, and

we do not feel that, under these circumstances, we can say that he was in duty bound to direct a verdict for the defendant, although it may well be admitted that, upon reading the printed case, one would say that the preponderance of the evidence was apparently against her. But this is not sufficient to justify the entire rejection of her testimony, and the direction of a verdict in utter disregard thereof. In order to have that effect, it must appear that the testimony so rejected was incredible, or contrary to all reasonable probabilities, in the face of undisputed facts, and we cannot say that such is the case here. *Flaherty v. Harrison*, 98 Wis. 559. The case seems quite similar to the cases of *Hardy v. Milwaukee St. R. Co.* 89 Wis. 183, and *Adams v. C. & N, W. R. Co.* 89 Wis. 645, in each of which cases this court declined to set aside a verdict founded substantially on the evidence of the plaintiff alone, though contradicted by the evidence of a number of witnesses.

2. Upon the subject of damages, the court charged the jury as follows: " If you have occasion to find the plaintiff's damages, which would be only in the case she was not negligent while the car was in motion, you will assess reasonable compensation for the pain and suffering she endured, and for her loss of ability to proceed with her regular employment, but nothing for her time; because the time, if any, which she lost, she being a married woman, is the proper damage of her husband. So you will give her nothing on account of her loss of time. You will give her such damages as she is entitled to, if you find she is permanently injured. If you find the injury still continues, and will continue, you will give her such damages as you think proper for the pain and suffering which she must still endure,— the pain and suffering resulting from such injury. . . . Upon the subject of damages, I have already stated that the plaintiff is entitled to damages, not for her loss of time, but for her loss of strength and general ability *to pursue her regular avo-*

*cation,* and also for the pain and suffering she endured by reason of the injury."

To the last of this instruction the defendant excepted because the plaintiff's regular avocation was shown to be that of housekeeper for husband, and because the instruction gave the jury to understand that there might be a recovery for the loss of such services, which could only be recovered in an action by the husband. There is certainly ground for criticism of this clause of the charge in the respect named. But we think, in view of the care with which the court twice charged the jury that there could be no recovery for her time lost, because this belonged to her husband, that the jury could not have been misled. The plaintiff was entitled to recover for her loss of physical strength, and it seems to us that the jury must have understood that it was this element which the court was referring to in his charge, and not her loss of time. While the charge was inaccurate, we cannot consider it as prejudicially erroneous, in connection with the specific direction, given in the same breath, that she could not recover for loss of time.

3. We cannot set aside the verdict as excessive, in view of the evidence. There was much evidence of physical suffering, and it seems quite conclusive that the injuries are permanent, and will entail suffering in the future. These elements of damages are peculiarly within the province of the jury to measure.

*By the Court.*— Judgment affirmed.