CHAMPANE, Respondent, vs. LA CROSSE CITY RAILWAY COMPANY, Appellant.

*March 25—April 19, 1904.*

*Street railways: Injury to passenger: Contributory negligence: Court and jury: Instructions.*

1. In an action against a street railway company for injuries sustained by a passenger while alighting, though the testimony of plaintiff and her mother, to the effect that the car had stopped and that she was in the act of alighting when it started and caused her to fall, was contradicted by seven witnesses who testified that the car had started and was moving before she attempted to alight, it cannot be held that the trial court erred in refusing to set aside, as against the evidence, a verdict for the plaintiff.

2. The jury were charged, in positive and unqualified terms, that if plaintiff undertook to alight from the car while it was in motion she could not recover.  Another instruction was to the effect that if they believed the car had stopped for a reasonable time and that plaintiff had given no notice or signal that she wished to get off at that place, and should further believe that after the car started it occurred to her that she ought to have gotten off, and should believe that she attempted to go out of the car while it was in motion, and should believe that its being in motion was the cause of her falling off, then she could not recover.  *Held,* that, although this instruction included elements not necessary to be passed upon by the jury to acquit defendant of liability, yet, considering the charge as a whole, the jury could not have been misled as to the true rule.

APPEAL from a judgment of the circuit court for La Crosse county: J. J. FRUIT, Circuit Judge.  *Affirmed.*

This is an action for personal injuries resulting from a fall from one of defendant's street cars in the city of La Crosse. *Sophia Champane*, accompanied by her mother, was a passenger on the car on the 3d day of April, 1901. She desired to get off the car at the intersection of George and Gillett streets, and would, according to custom, alight at the north line of the intersection of the streets. Plaintiff testified that she notified the conductor of her wish to get off, that the car stopped at the crossing, and that she was in the act of stepping off, when the car started with a sudden jerk, which caused her to be thrown to the ground. Her mother accompanied her on the trip, but did not attempt to get off the car at the crossing in question. She testifies that the car stopped; that two passengers arose and left the car at the crossing; that her daughter, the plaintiff, immediately arose and followed them, but that the car started while she was in the act of stepping from the car step to the street; that after the car had passed on for a considerable distance she observed plaintiff in the act of rising from her fallen position in the street and going to the sidewalk. The evidence of four other passengers is that the car was in motion when plaintiff arose to leave the car, and that she stepped off the car while it was in motion. There were two conductors on the car, who testify that she left the car while it was in motion. A witness upon the street stated that she observed plaintiff in the act of getting off the car, and that the car had been started from the crossing and had moved for some distance before she fell. There was evidence tending to show that plaintiff fell off the car at a distance of from forty to sixty feet beyond the crossing.

The jury returned a general verdict finding for the plaintiff, and assessing her damages at the sum of $1,225. Before verdict, defendant moved for a direction of a verdict in its favor. The motion was denied. After verdict, the defendant moved for a new trial upon the ground, among others, that

the verdict was contrary to the law and the evidence and that it was therefore perverse. This motion was denied. Judgment was awarded plaintiff for the amount of the damages found by the jury and for costs. This is an appeal from that judgment.

For the appellant there was a brief by *Woodward & Lees,* and oral argument by *G. M. Woodward.*

For the respondent there was a brief by *Morris & Hartwell,* and oral argument by *Thomas Morris.*

Siebecker, J. The first exception urged is that the court erred in submitting the case to the jury upon the evidence. It is contended that the plaintiff arose from her seat and got off the car while it was in motion, and that the evidence leaves no room for conflicting inferences upon this question. This claim is based upon the assumption that plaintiff's testimony and that of her mother, tending to show that she had nearly gotten off the car while it stopped, is against the reasonable probabilities and the overwhelming preponderance of the evidence.

From the testimony of plaintiff and her mother it appeared that plaintiff gave notice to the conductor that she wished to get off the car at the Partridge drug-store crossing, this being the north crossing of Gillett street; that the car stopped; that she arose from her seat, followed two passengers out of the door to the platform, and was in the act of alighting from the last step when the car started, and that this caused her to fall onto the street within a few feet of this crossing. This evidence is clearly contradicted by the testimony of the two conductors and five other witnesses who observed the accident. The finding of the jury was affirmed by the trial court in passing upon the motion for a new trial. The evidence in itself is not so inherently improbable, nor so completely overcome by the testimony of the other witnesses and the facts and circumstances of the case, as to jus-

tify this court in concluding that it furnishes no support for the verdict. The testimony of plaintiff and her mother, if credible, furnishes a sufficient and legal basis for the company's liability. It is not impeached except by the testimony of the other witnesses. The situation thus presented is one peculiarly depending upon the weight of the evidence and the credibility of the witnesses. We cannot say that the trial court erred in refusing to set aside this verdict as against the evidence in the case. The case bears a close analogy to and comes within the ruling of *Hardy v. Milwaukee St. R. Co.* 89 Wis. 183, 61 N. W. 771, and subsequent cases approving the ruling in the *Hardy Case.*

The court gave the jury the following instruction:

"But if you believe that a reasonable stop was made—that is, a stop for a reasonable length of time—at or near Gillett street, and that she had given no notice or signal that she desired to get off at this place, and shall further believe that afterwards, after it started, it occurred to her that she ought to have gotten off at this place at Gillett street or where it stopped, and shall believe that she attempted to go out of the car while it was in motion and after it had started again, and shall believe that by reason of its being in motion was the cause of her falling off, then she cannot recover in the action."

It is urged that this is misleading, in that the instruction includes elements wholly immaterial and not necessary to be passed upon by the jury to acquit defendant of liability. The court had given instructions upon this branch of the case in very positive and unqualified terms, stating that, if respondent undertook to leave the car after it had started and was in actual motion, she could not recover in the action. Different parts of the charge state the rule unqualifiedly that, if a passenger undertakes to alight from a car while in motion and is injured in getting off the car, he has no claim against the street car company for any damages so sustained. Taking these parts of the charge in connection with the part

excepted to, we do not think the jury could have been misled in applying the correct rule to the facts found by them.

*By the Court.*—The judgment of the circuit court is affirmed.