FOSNES, Appellant, vs. DULUTH STREET RAILWAY COMPANY, Respondent.

*October 6—October 26, 1909.*

*Street railways: Injury to passenger alighting from moving car: Contributory negligence: Presumption as to intelligence.*

1. Although a man had recently come to this country and did not speak English it will be presumed that he was a man of ordinary intelligence.

2. It was, as matter of law, negligence for a man of full age and ordinary intelligence, confronted with no exigency and laboring under no fright or excitement, to attempt to alight from a street car which to his knowledge was moving at the rate of six miles an hour, although the conductor had negligently failed to stop the car as requested and the passenger—who had recently come to this country, and was unable to speak English, and was inexperienced in street railway travel—had at other times seen passengers alight from moving cars, and concluded that he was required to do so, and supposed it was perfectly safe.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *Victor Linley,* and for the respondent on that of *Frank A. Ross.*

TIMLIN, J.   In this case an objection to the reception of any evidence under the complaint was sustained upon the ground that no cause of action was stated therein.   The plaintiff did not ask leave to amend, and judgment was granted dismissing the complaint.   No error is assigned for failure to grant leave to amend.

It appeared by the complaint that the plaintiff, a passenger upon a street railway car, requested the conductor to let him off at a designated street, and the conductor knew the wish of the passenger to get off at that street, but carelessly, negligently, and wantonly failed and neglected to stop the car at that street without explanation to the passenger, and the passenger then attempted to get off the car at this street while the car was moving at the rate of six miles an hour, and in so doing was accidentally thrown to the ground and injured.   This presents a case of negligence on the part of the defendant and contributory negligence on the part of the plaintiff.   Six miles per hour must be considered a considerable speed, and indeed a high rate of speed, for the purpose of alighting from a moving street car.   The ordinary inference of contributory negligence from such attempt recognized in *Champane v. La Crosse C. R. Co.* 121 Wis. 554, 99 N. W. 334, and *Hardy v. Milwaukee St. R. Co.* 89 Wis. 183, 61 N. W. 771, is apparently sought to be overcome by the pleader by the following additional averments in the complaint: The passenger recently arrived in the United States from Norway, did not speak the English language, was inexperienced in street railway travel, and had seen other passengers at other previous times alight from the cars of the defendant while such cars were in motion at street crossings; and concluded that he was required to get off the car while it was in motion, and supposed it was perfectly safe for him to get off the car, although it was moving at the rate of six miles an hour.

Assuming in support of the complaint that the conductor understood the language of plaintiff, that plaintiff knew he was approaching his intended place of alighting, that this was

a proper and usual place at which to stop the car, and that the "other previous times" when he had seen passengers alighting while the cars were in motion were sufficiently recent and sufficiently numerous to induce him to believe this was the American way, but not sufficiently numerous to remove his inexperience in street railway travel, still we must assume that there was no urgency beyond the risk of his being carried a square or thereabouts past his destination. Notwithstanding he did not possess the felicity of having lived long in this country, or of speaking the English language, he must be considered a man of ordinary intelligence. *Rahles v. J. Thompson & Sons Mfg. Co.* 137 Wis. 506, 118 N. W. 350, 119 N. W. 289; *Johanson v. Webster Mfg. Co.* 139 Wis. 181, 120 N. W. 832. While it cannot be said as matter of law that in all cases alighting from a moving street car constitutes contributory negligence, yet this may justly be said in a case where the party alighting is a man of full age and ordinary intelligence laboring under no fright or excitement, confronted with no exigency, and the car is to his knowledge moving at the rate of six miles an hour. It follows that the judgment of the superior court should be affirmed.

*By the Court.*—The judgment of the superior court is affirmed.