SIGL, Respondent, vs. GREEN BAY TRACTION COMPANY, Appellant.

*March 12—April 3, 1912.*

*Street railways: Injury to person attempting to board moving car: Negligence: Questions for jury.*

It was, in this case, negligence as a matter of law for plaintiff to attempt to board the front vestibule of a moving street car after it had stopped at a usual stopping place and had started again and was being speeded up, it appearing, among other things, that the vestibule door was closed and locked and that it was evident to the plaintiff that the motorman either did not see his signals or did not intend to pay any attention to them.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge.    *Reversed.*

Plaintiff brought this action to recover damages for injuries sustained while attempting to board one of defendant's interurban cars in the city of Green Bay.    The complaint alleged that the car in question was proceeding in a northerly direction on Webster avenue, after having stopped at the corner of Porlier street and Webster avenue; that plaintiff approached the car from the south and at the same time signaled to the motorman to indicate that he desired to get on; that

the car proceeded very slowly up to the point where plaintiff met it, and, as he was about to board the front end, started with a jerk, materially increasing its speed, and plaintiff was thrown to the ground and rolled against the trucks of the car. The answer put in issue the material allegations of the complaint. By its answers to questions submitted on a special verdict the jury found that plaintiff was injured by falling from one of defendant's cars while attempting to get on; that his fall was caused by the car being jerked forward by a sudden increase of speed after plaintiff had gotten hold of the hand-rails and had his foot on the lower step; that the motorman was negligent in so increasing the speed of the car; that a man of ordinary intelligence and prudence in the motorman's position should reasonably have foreseen that suddenly increasing the speed of the car would cause some injury to the plaintiff; that no want of ordinary care on the part of the plaintiff contributed proximately to his injury; and that plaintiff was damaged in the sum of $569. On such verdict judgment was entered. Defendant appeals.

For the appellant there was a brief by *Greene, Fairchild, North & Parker,* and oral argument by *B. L. Parker.*

For the respondent there was a brief by *Minahan & Minahan,* and oral argument by *V. I. Minahan.* They contended, *inter alia,* that the true rule concerning contributory negligence in boarding or alighting from moving street cars is that the matter is entirely a question for the jury except when the admitted facts require a court to say that it was reckless in the person to attempt to get upon the car. *Fosnes v. Duluth St. R. Co.* 140 Wis. 455, 122 N. W. 1054; *Hemmingway v. C., M. & St. P. R. Co.* 72 Wis. 42, 50, 37 N. W. 804; *Citizens' St. R. Co. v. Spahr,* 7 Ind. App. 23, 33 N. E. 446; *Eppendorf v. Brooklyn City & N. R. Co.* 69 N. Y. 195, 197; *Sahlgaard v. St. Paul City R. Co.* 48 Minn. 232, 51 N. W. 111; 3 Thompson, Neg. 886, 887, § 3511; 6 Cyc. 644.

BARNES, J.   The following facts are undisputed: The car was in motion when plaintiff attempted to board it.   It had stopped at a usual stopping place and had just started.   The signals which the plaintiff made to the motorman were made before the car started.   It was evident to the plaintiff that the motorman either did not see the signals or that he did not intend to pay any attention to them.   The attempt to board the car was made when it was being speeded up.   The front vestibule door of the car was closed, so that plaintiff was notified to stay out rather than invited to come in.   It was not only closed, but was locked by means of the trap door being down, although the plaintiff did not know this fact.   Still, he had as much right to assume that it was locked as he did to assume that it was unlocked.   The bottom of the door came close to the top of the platform.   When the door was closed it was nearly if not quite flush with the step leading to the platform.   Or, stated in another way, the outer edge of the step was almost on a line drawn perpendicularly from the door to the step.   There was a foothold on the step, but plaintiff could retain his position thereon only by hanging to the hand-holds, and he could not open the door if it were unlocked except by using one of his hands.   Under these facts, we conclude that plaintiff was guilty of contributory negligence as a matter of law.   *Champane v. La Crosse City R. Co.* 121 Wis. 554, 99 N. W. 334; *Fosnes v. Duluth St. R. Co.* 140 Wis. 455, 122 N. W. 1054; *Paulson v. Brooklyn City R. Co.* 13 Misc. 387, 34 N. Y. Supp. 244; *Phillips v. R. & S. R. Co.* 49 N. Y. 177.

Having reached this conclusion, it is unnecessary to consider any other errors that are assigned.   There was no evidence of gross negligence to go to the jury.   The evidence of ordinary negligence was, to say the least, slight.   It may be that the accident would have happened if the vestibule door had been open, but it would not have happened if the plaintiff had not negligently attempted to board the car.   It follows

that the court should have directed a verdict for the defendant.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with directions to dismiss the complaint.