BAERMANN, Respondent, vs. CHICAGO & MILWAUKEE ELECTRIC RAILWAY COMPANY, Appellant.

*March 15—April 8, 1913.*

*Street railways: Injury to passenger while alighting: Operating of car by defendant: Negligence: Evidence: Adverse witness: Right to cross-examine: Appeal: Harmless errors: Special verdict: Unnecessary questions: Damages: Future suffering: Excessive award.*

1. In an action for personal injuries alleged to have been sustained while alighting from an electric car, admissions and evidence tending to show that defendant owned the road on which the car was being operated and that its name was on the car, to-

, gether with the motorman's testimony that he was working for defendant, were sufficient, *prima facie*, to show that defendant was operating the car.

2. After the motorman, upon being examined as an adverse witness under sec. 4068, Stats., had testified that he was working for defendant, it was error to refuse to permit defendant to cross-examine him on that subject; but the error was not prejudicial, it appearing that the motorman was afterwards called as a witness by defendant, but no questions asked of him as to that matter and no proof offered that defendant was not operating the car in question.

3. In an action for personal injuries, the refusal to submit in the special verdict the question, "Is plaintiff's present physical condition of which she complains due to the accident?" was not error, where the jury were instructed that plaintiff could recover only such damages as it was reasonably certain she had suffered "as a natural and probable consequence of the injury which she sustained."

4. Where the evidence tended to show that at the time of the trial plaintiff was still suffering from the injury, it was proper to instruct the jury as to damages recoverable for future suffering.

5. An award of $1,200 in this case, reduced by the trial court from the jury's award of $2,000, is *held* not excessive.

6. Plaintiff's testimony that the car on which she had been riding had stopped and that it suddenly started up while she was in the act of getting off, corroborated to some extent by the testimony of her son, about eight years old, who was with her, was sufficient to raise a jury question as to defendant's negligence, although three passengers and the motorman and conductor testified that plaintiff attempted to alight from the car while it was in motion.

APPEAL from a judgment of the circuit court for Milwaukee county: Oscar M. Fritz, Circuit Judge. *Affirmed.*

Plaintiff brings this action to recover damages for personal injury alleged to have been sustained while alighting from one of defendant's cars in the city of Milwaukee. The negligence claimed was that while she was in process of alighting the car suddenly started forward in such a manner as to cause her to be thrown to the pavement. The jury found negligence on the part of the defendant which was the proximate cause of the injury and no want of ordinary care

on the part of the plaintiff. The defendant appeals from a judgment entered on the verdict.

The cause was submitted for the appellant on the brief of *Edgar L. Wood,* attorney, and *Bull & Johnson,* of counsel, and for the respondent on that of *Harry M. Silber.*

BARNES, J. 1. The appellant insists that there was no evidence to show that the defendant was operating the car in which plaintiff was riding immediately before she was injured. The proof was slight, but sufficient to make a *prima facie* case. The admissions of the answer, taken in connection with the evidence on the trial, would, we think, warrant the jury in finding that the defendant owned the road on which the car was being operated. The evidence also showed or at least tended to show that the defendant's name was on the car in which the plaintiff was riding at the time she claims to have been hurt. The motorman on the car also testified that he was working for the defendant. No evidence was offered on the point by the defendant. The plaintiff offered sufficient evidence to make a *prima facie* case.

2. The appellant insists that it was denied the right to cross-examine the motorman who was called to testify as an adverse witness under the provisions of sec. 4068, Stats. No questions were asked, but defendant's counsel stated that perhaps he ought to ask some questions to determine whether or not the motorman knew for whom he was working. An objection was made to any cross-examination and the court sustained it. This ruling is assigned as error. Assuming that the appellant properly raised the question, the ruling of the court was erroneous. In view of the matter covered by the direct examination, defendant had a perfect right to pursue the proposed cross-examination. *Guse v. Power & M. M. Co.* 151 Wis. 400, 139 N. W. 195. We do not think the error should be held to be prejudicial. The motorman was called as a witness by the defendant on the trial, but no questions

were asked of him in reference to this matter.   It was a very easy matter for the defendant to show beyond controversy that it did not operate the car in which plaintiff was riding, if such was the fact.   The failure of the defendant to offer such proof is strongly suggestive of the conclusion that it was not forthcoming and that the objection is somewhat technical. Evidently reliance was not placed on the nonexistence of the fact claimed to exist, but on the apparent weakness of the plaintiff's evidence to prove it.

3. It is claimed that the court erred in refusing to submit the following question to the jury: "Is plaintiff's present physical condition of which she complains due to the accident?"   The submission of this question was unnecessary.   The court charged the jury that the plaintiff was entitled to recover only such damages as it was reasonably certain the plaintiff had suffered "as a natural and probable consequence of the injury which she sustained."   This instruction very properly advised the jury that damages should not be assessed for physical infirmities which were not due to the injury.

4. The court instructed the jury that plaintiff was entitled to recover damages for the pain and suffering which she had undergone as a natural and probable consequence of the injury, and also for the pain and suffering "which you are satisfied from a preponderance of the evidence to a reasonable certainty she will sustain in the future by reason of such injury."   Exception is taken to the part of the instruction quoted, because, it is argued, there was no evidence in the case which would warrant the jury in assessing damages for future pain or suffering.   According to the medical testimony as we understand it, the plaintiff's condition at the time of the trial might be due to child-birth, to injuries received from a fall, or to other causes.   There was some evidence given by the plaintiff herself which we think would warrant the jury in finding that she was still suffering from the fall.   This being the case, the instruction was proper.

5. Appellant further insists that the damages assessed are excessive. The jury awarded $2,000. The trial judge gave the plaintiff an option to remit $800 or take a new trial. She elected to take judgment for $1,200. The trial court heard and saw the plaintiff and the medical experts and was in a better position to pass on the question of damages than is this court. It made a substantial reduction, and we do not think the honest and conscientious conclusion of the trial judge should be disturbed.

6. It is urged that the finding that defendant was negligent was against the overwhelming weight of the testimony and should therefore be set aside. Three passengers and the motorman and conductor testified that plaintiff attempted to alight from the car while it was in motion. Plaintiff testified that the car had stopped and suddenly started up while she was in the act of getting off. This evidence was to some extent corroborated by that of her son who was with her and who was about eight years old at the time. There is nothing intrinsically incredible about the plaintiff's evidence. It raised a jury question. We have the same situation that was before the court in *Hardy v. Milwaukee St. R. Co.* 89 Wis. 183, 61 N. W. 771, in which a verdict for the plaintiff was sustained.

*By the Court.*—Judgment affirmed.