Kemps, Respondent, vs. Wendt and another, Appellants.

*November 18—December 23, 1947.*

For the appellants there were briefs by *Rubin J. Cain* of Milwaukee, attorney, and *Raymond E. Evrard* of Green Bay of counsel, and oral argument by *Mr. Evrard*.

For the respondent there was a brief by *Martin, Clifford, Dilweg, Warne & Duffy* of Green Bay, and oral argument by *G. F. Clifford*.

WICKHEM, J.    Plaintiff's intestate was standing on a state trunk highway and was struck and killed by a car driven by Hugo Wendt, under circumstances hereinafter to be set forth. The principal question in this case is whether the finding of the jury that defendant, Wendt, was not negligent as to rate of speed is against the great weight and clear preponderance of the evidence.

The following are the facts: On December 31, 1945, decedent and his wife had gone to Wrightstown. Plaintiff and decedent then called at the home of neighbors by the name of

Garrity who resided in the town of Kaukauna. At about 9:30 on the same evening the two couples started out to celebrate New Year's Eve. They drove in decedent's car to several taverns. They drank beer at all these places but there is no contention that any of them were intoxicated. At about 1 or 1:30 the party left the last tavern to go to one of the taverns at which they had been earlier in the evening. They were traveling west on Highway 96 which consists of blacktop about twenty-two and one-half feet wide with shoulders a little more than three feet wide. The center of the road was dry but there was an icy crust on the shoulders and a snowbank beyond the shoulders. Decedent drove too close to the edge of the road and slid into a snowbank so that three of his wheels were quite deeply imbedded in the snow. A car approached from the west, stopped and tried to pull decedent's car out with a cable but the cable broke. This car then pulled over to the south side of the road a little west of decedent's car and shortly thereafter a second and a third car drove up from the west and pulled in behind him. The occupants got out, attached a rope to decedent's car and with about ten persons pulling on the rope and the car operated by decedent's wife, it was extracted from the snowbank and pulled back on the highway about ten or fifteen feet. Thereafter decedent's wife, under his direction, drove the car ahead about nine or ten feet and straightened it out. There is a conflict as to how much clearance there was between the parked automobiles, the testimony varying from eleven to fifteen feet. Immediately thereafter decedent and his rescuers moved toward the south side of the road. One of the occupants of the assisting cars observed Wendt's car coming and called to the others to get off the road. This warning was given several times and heard by the people standing there. Decedent did not move and was struck by the Wendt auto. Wendt was driving east, accompanied by one passenger. He saw decedent's car lighted about

quarter of a mile away. He did not see decedent until he was about six feet from him. He claims to have reduced his speed to thirty to thirty-five miles an hour as he passed the Kemps' car. Practically all of the other testimony places his speed at fifty-five to sixty miles an hour as he passed and struck decedent. As a result of the collision, decedent's foot was torn off and decedent's blood splashed on the parked cars. The right front fender of the Wendt car was severely damaged. After decedent was struck his body was carried on the fender for about one hundred eighty feet before it was thrown off the car onto the road. The Wendt car proceeded about five hundred feet after hitting Kemps. Wendt asserted that he did not jam on his brakes for fear he might skid his car and hit more people and because he intended to go down the road and turn around.

From a careful examination of the evidence we conclude that the trial court's determination that the jury's findings in respect of speed are against the weight of the evidence must be sustained. From the testimony of virtually all of the witnesses except the defendant himself it appears that he drove between the parked cars at a great rate of speed and that there was no substantial diminution of his speed as he approached the location of the parked cars. This evidence is supported by the physical facts. The extent of the injuries to decedent, the damage to the fender of the Wendt car, the considerable distance which the car proceeded with decedent on the fender, and the considerably greater distance that it proceeded before being brought to a stop, warranted the trial court's conclusion as to the weight of the evidence. While there is enough evidence to make speed a jury question this does not mean that a trial court may not thereafter weigh the evidence and come to the conclusion that the finding is against the weight of the evidence. The fact that there is some evidence to support the finding of the jury precludes changing the answers and ordering judgment in accordance with the answers as changed but

it does give him a discretion to grant a new trial. There was no abuse of discretion here. *Burling v. Schroeder Hotel Co.* 235 Wis. 403, 291 N. W. 810; *Dowd v. Palmer,* 245 Wis. 593, 15 N. W. (2d) 809; *Van Valkenburgh v. Hoskins,* 7 Wis. *496; *McCoy v. Milwaukee St. R. Co.* 82 Wis. 215, 52 N. W. 93; *Lee v. Chicago, St. P., M. & O. R. Co.* 101 Wis. 352, 77 N. W. 714; *Hardy v. Milwaukee St. R. Co.* 89 Wis. 183, 61 N. W. 771; *Bading v. Milwaukee E. R. & L. Co.* 105 Wis. 480, 81 N. W. 861.

It is our conclusion that the order must be affirmed.

Plaintiff has filed a motion to review in which he asks this court to pass upon certain errors prejudicial to her and which may recur upon a second trial unless they are corrected. The first contention is that the court erred in holding decedent negligent as a matter of law in respect of standing on the highway. The second is that the court's instructions intimated that the Wendt car had the right of way as a matter of law. This is asserted to be erroneous because if defendant was operating his car recklessly it is claimed that he thereby forfeited his right of way. After careful consideration we are of the view that the court ought not to express any opinion upon these contentions for the reason that the evidence may be sufficiently different upon a second trial as to render such a determination useless.

*By the Court.*—Order affirmed.