POPKO, Appellant, vs. GLOBE INDEMNITY COMPANY and another, Respondents.*

FEDERAL UNION INSURANCE COMPANY, Respondent, vs. POPKO and another, Appellants.*

*January 11—February 6, 1951.*

* Motion for rehearing denied, with $25 costs, on April 3, 1951.

J. C. *Raineri* of Hurley, for the appellants.

For the respondents there was a brief by *Reid & Reid* of Hurley, attorneys, and *Kenneth P. Grubb* and *Richard S. Gibbs,* both of Milwaukee of counsel, and oral argument by *Mr. Gibbs.*

HUGHES, J. Appellants contend that in any event they are entitled to judgment dismissing the complaint of Federal Union Insurance Company because a new trial was not granted it by the language of the trial court. With this we do not agree. The court referred to only one cause in its opinion, but the reasoning applied to both; the omission was obviously oversight on the part of the trial court because the two cases were consolidated. The order applies with equal force to both cases.

It is next contended that the verdict is not contrary to the great weight of the evidence and that the trial court abused its discretion in ordering a new trial.

Counsel for appellants contends that "where an issue of fact sufficient to carry a case to the jury is presented, it is error and a manifest abuse of discretion for the trial court to grant a new trial on the basis that the verdict is against the weight of the evidence."

Counsel for respondents calls our attention to a clear statement of the law in *Kemps v. Wendt* (1947), 251 Wis. 603, 606, 30 N. W. (2d) 89:

"From a careful examination of the evidence we conclude that the trial court's determination that the jury's findings in respect of speed are against the weight of the evidence must be sustained. . . . While there is enough evidence to make speed a jury question this does not mean that a trial court may not thereafter weigh the evidence and come to the conclusion that the finding is against the weight of the evidence. The fact that there is some evidence to support the finding of the jury precludes changing the answers and ordering judgment in accordance with the answers as changed but it does give him a discretion to grant a new trial. There was no abuse of discretion here." (Citing cases.)

In *Stockhausen v. Oehler* (1926), 191 Wis. 403, 405, 211 N. W. 287, considering the effect of discretionary orders, the court said:

" 'In such cases we do not reverse merely because, upon the record before us, we come to a different conclusion. It must clearly appear that there was an abuse of judicial discretion before we reverse.' *McCoy v. Terhorst,* 188 Wis. 512, 517, 205 N. W. 420."

The physical facts in this case do not help to clarify the picture. The case does not involve a difference of judgment only. The testimony of three witnesses for the plaintiff and two for the defendant was diametrically opposed upon the question of skidding, which indicates clearly that some witnesses were testifying falsely.

Mr. Popko, Mrs. Popko, and their guest and neighbor, Arthur Erickson, testified that the Popko car at no time skidded on the highway.

Mr. Peterson and one Emory O. Ellingson, who was riding in the Peterson car, testified that as the Popko car

approached at about three or four hundred feet it went into a counterclockwise skid with its front end on Peterson's half of the road; that Popko appeared to try to right his car and that it turned clockwise and came at them with its left side almost at right angles to their car, striking the left front of the Peterson car with the left side of the Popko car.

A witness Peters, who came upon the scene, testified that he followed the tire marks of the Peterson car and that at all times it was on its side of the road; that the left track never came closer than eight or ten inches to the middle line.

In addition, Ellingson and John Prarizzi, a traffic officer who arrived at the scene of the accident, testified that Mrs. Popko told the officer Popko had gotten his right wheels off onto the shoulder and that when he tried to get back on the pavement it caused his car to skid.

This testimony on behalf of the defendant is strong and we cannot say that the trial court was guilty of abuse of discretion in granting a new trial because the verdict went contrary to it.

*By the Court.*—Order affirmed.