STEINHOFEL, Administrator, Appellant, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

*December 20, 1895 — January 7, 1896.*

(1–3) *Railroads: Collision at highway crossing: Contributory negligence: Evidence:* Res gestæ. (4–6) *Costs: Taxation after stay of proceedings: Disbursements.*

| 92 | 123 |
|---|---|
| 95 | 139 |
| 92 | 123 |
| 98 | 38 |
| 92 | 123 |
| 101 | 152 |
| 92 | 123 |
| 106 | 617 |
| 92 | 123 |
| 108 | 856 |
| 92 | 123 |
| 110 | ³345 |

1. Declarations as to the circumstances of a collision between a locomotive and a carriage, made from thirty to sixty minutes there-

Steinhofel vs. Chicago, Milwaukee & St. Paul R. Co.

after by a person fatally injured in the collision, are not admissible as part of the *res gestæ*.

2. Whether the testimony of witnesses whose attention was called to the noise of the train, and who were listening to it, that they did not hear a signal, is "merely negative testimony" or "a mere scintilla of evidence," may be doubted.

3. A person driving at night on an unfamiliar road through a country which he knew was traversed by several railroads, who let the horse jog along without any attention except to see that he was in the road, and who was killed at a highway crossing by a passing train which neither he nor the persons riding with him saw or heard until it was too late to avoid the collision, although the headlight of the engine was visible and almost directly in their faces for a considerable distance, and the noise of the train might readily have been heard, is *held*, as a matter of law, to have been guilty of contributory negligence, even though he did not know that there was a railway crossing at that place, and no warning was given by whistle or bell of the approach of the train.

4. The pendency of a motion for a new trial on the minutes, which by stipulation is kept alive for argument after the term, operates as a stay of proceedings, and under sec. 2894a, S. & B. Ann. Stats., the costs may be taxed at any time after thirty days from the expiration of such stay.

5. An application to the clerk to tax the costs before the expiration of said thirty days was properly denied as premature; but where, on appeal from said ruling of the clerk, the court ordered the costs to be taxed, and they were taxed under that order after the thirty days had expired, such taxation, though perhaps irregular, was not erroneous.

6. Costs of a successful party include his disbursements on a former trial, the verdict in which was set aside and a new trial granted on condition that he pay the costs of the other party in that trial.

APPEAL from a judgment of the circuit court for Racine county: W. F. BAILEY, Judge. *Affirmed.*

Action for the negligent killing of William J. Steinhofel, Jr., son of plaintiff, by defendant's train, at a highway crossing, on the morning of October 1, 1892. On the evening of September 30, 1892, the deceased and one John Williams went, with a single horse and buggy, from the city of Racine to the village of Union Grove, a distance of about fifteen

miles, to attend a dance. They started to return to Racine
at about 3 o'clock on the morning of October 1, 1892. They
had with them in the buggy, on their return, one Olivia
Olson. Steinhofel was driving. When they reached re-
spondent's track, at a place called Johnson's Crossing, about
four miles from Union Grove, their team, in some unex-
plained manner, came in collision with respondent's train,
and Steinhofel and Olivia Olson were killed. The complaint
charges that Steinhofel's death was occasioned by the omis-
sion of the respondent to give warning of the approach of
its train to the highway crossing by sounding its whistle
and ringing its bell. The answer was a general denial.
The issues tried were whether the whistle was sounded and
the bell rung, and whether the deceased, by his own negli-
gence, contributed to produce the accident.

The highway on which the party were traveling crossed
the railroad track two or three times before reaching Ra-
cine, and in many places was parallel with it. Near the
point of the accident it ran nearly parallel with the railroad
track until, near the crossing, it makes an abrupt bend, and
crosses the track approximately at right angles; so that the
party in the buggy, for a considerable distance before mak-
ing the turn, were almost directly facing the approaching
train. The wind was blowing from the train towards them,
and the train was making at least the usual amount of noise.
The headlight of the approaching train might be seen some
forty or fifty rods before it reached the crossing. One
Bristol, who was driving a team a few rods behind the
party in the buggy, heard the noise of the train and stopped
his team some fifteen rods before arriving at the crossing,
and waited for the train to pass. He saw the headlight at
some considerable distance before the train had reached the
crossing. The party in the buggy drove on, unheeding the
approaching train, and were struck by the train, or drove
against it,— probably the latter, as both bodies were found

in the wagon track on the crossing. They did not discover the train until the instant of collision. Williams testifies that as they were going down towards the railroad track, Olivia Olson " gave a scream, and jumped forward." Williams turned his head, and saw " a flash of light," and it was all over. That is all that is known of the circumstance of the accident. Several witnesses testify to hearing the noise of the train for a considerable time before it reached the crossing, and to having given it attention. No witness heard the sounding of the whistle or the ringing of the bell. But the defendant's employees on the train all testify positively, both that the whistle was sounded and the bell rung.

The court directed a verdict for the defendant, on which a judgment dismissing the complaint, and for costs, was entered. From this judgment the plaintiff appeals.

For the appellant there was a brief by *Cooper & Nelson,* attorneys, and *John B. Simmons,* of counsel, and oral argument by *Mr. P. B. Nelson* and *Mr. Simmons.* They contended, *inter alia,* that declarations regarding personal injuries are admissible as part of the *res gestœ* when there is a concurrence in point of time between the act and the declaration. In order to be contemporaneous it is not required that they be precisely concurrent in time. If the declarations spring out of the transaction, if they elucidate it, if they are voluntary and spontaneous and if they are made at a time so near to it as reasonably to preclude the idea of deliberate design, they are then to be regarded as contemporaneous. *Augusta Factory v. Barnes,* 72 Ga. 217, 53 Am. Rep. 838; *Galveston v. Barbour,* 62 Tex. 172, 50 Am. Rep. 519; *Hemmingway v. C., M. & St. P. R. Co.* 72 Wis. 42, 51; *Hermes v. C. & N. W. R. Co.* 80 id. 590; *People v. Vernon,* 35 Cal. 49, 95 Am. Dec. 49; *Quincy H. R. & C. Co. v. Gnuse,* 137 Ill. 264; *State v. Horan,* 32 Minn. 394, 50 Am. Rep. 583; *Kirby v. Comm.* 77 Va. 681, 46 Am. Rep. 747; Deering, Neg. § 408; *International & G. N. R. Co. v. Smith,* 44 Am. &

Steinhofel vs. Chicago, Milwaukee & St. Paul R. Co.

Eng. R. Cas. 324; *Reed v. Madison*, 85 Wis. 667. Under circumstances like those disclosed by the evidence, on a dark night when it is impossible to see signs or tracks, a person is not required to be continually looking and listening for approaching trains and to be continually on the lookout against the gross negligence and carelessness of others. The law requires nothing unreasonable as a duty or obligation, and these parties had the right to expect that the defendant would exercise its duty and obligation of giving warning when approaching a crossing. *Duame v. C. & N. W. R. Co.* 72 Wis. 523, 531; *Wall v. Highland*, id. 438; *Bower v. C., M. & St. P. R. Co.* 61 id. 457; *Winstanley v. C., M. & St. P. R. Co.* 72 id. 345; *Furguson v. W. C. R. Co.* 63 id. 145; *Freer v. Cameron*, 4 Rich. Law, 228, 55 Am. Dec. 663, and note on p. 672. Knowledge of, or reason to apprehend, danger is essential to constitute contributory negligence which will defeat a recovery for an injury therefrom. *Jeffrey v. K. & D. M. R. Co.* 56 Iowa, 546; *Langan v. St. L., I. M. & S. R. Co.* 72 Mo. 392; *Gray v. Scott*, 66 Pa. St. 345; *Weed v. Ballston Spa*, 76 N. Y. 329; *Wheeler v. Westport*, 30 Wis. 392, 411–416.

For the respondent there was a brief by *C. H. Van Alstine*, of counsel, and oral argument by *Mr. Van Alstine* and *Mr. T. M. Kearney*. They argued, among other things, that declarations which are but the narrative of a past event are not admissible as *res gestæ*. *Milwaukee & M. R. Co. v. Finney*, 10 Wis. 388, 391; *Sorenson v. Dundas*, 42 id. 642; *Prideaux v. Mineral Point*, 43 id. 513, 522; *Mutcha v. Pierce*, 49 id. 231; *Fitzgerald v. Weston*, 52 id. 354. More care is required of one traveling on the highway in the darkness of night than is required of him in the day time. *Brucker v. Covington*, 69 Ind. 33; *Parkhill v. Brighton*, 61 Iowa, 103; *McGinty v. Keokuk*, 66 id. 725; *Pierce v. Whitcomb*, 48 Vt. 127. A person traveling along a highway crossed by a railway at grade must look and listen for a train before crossing

the track. He cannot rely to any extent upon the presumption that the servants of the company will perform the duty cast upon the company by the statute. The law requires both parties to do their duty. *Williams v. C., M. & St. P. R. Co.* 64 Wis. 1; *Railroad Co. v. Houston,* 95 U. S. 697; *Gorton v. Erie R. Co.* 45 N. Y. 664.

NEWMAN, J. A short time after the accident,— from thirty to sixty minutes afterwards,— and before Olivia Olson had been removed, a witness (John Johnson) arrived, and had ·some conversation with her in regard to the accident. On the trial he was asked, "What, if anything, did Miss Olson say to you in regard to it?" The question was objected to as incompetent, and the objection was sustained. It is now urged that Olivia Olson's narration of the circumstances of the accident, as then given to the witness Johnson, in-·cluding defendant's omission to sound the whistle and ring the bell, was competent as being a part of the *res gestæ.* If not a part of the *res gestæ,* their narration would be simply hearsay, and, as such, inadmissible. *Res gestæ* are defined, generally, as the facts surrounding or accompanying a trans-·action or occurrence which is the subject of legal investiga-·tion. They are not themselves the facts which constitute the transaction or occurrence itself, but such as attend it and give character to it. "The idea of the *res gestæ* presupposes ·a main fact or principal transaction, and the *res gestæ* mean the circumstances, facts, and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate its character." *Hermes v. C. & N. W. R. Co.* 80 Wis. 590. Declarations, in order to be *res gestæ,* must be contemporaneous with the main fact. If they amount to no more than a narration of a past occurrence, they are mere hearsay and not admissible. 1 Greenl. Ev. § 110; 21 Am. & Eng. Ency. of Law, 101, and cases cited in note 1. It is evident that this statement of Olivia Olson was too far re-

moved from the time of the accident to be contemporaneous with it in any true sense, and was a mere narration of a past occurrence. It was not error to exclude it.

The issues involved in the trial were: (1) Whether the defendant gave warning of the approach of its train to the crossing where the accident occurred, by sounding its whistle and ringing its bell. Failure to give such warning would make it liable for such damages as should occur in consequence of the omission. And (2) whether the deceased was negligent in any matter which contributed proximately to produce the accident. For, if the negligence of the deceased so contributed to produce the accident, the plaintiff cannot recover, although the defendant may have been negligent, in failing to give the warning; for it is well settled that any want of ordinary care on the part of the party injured, which contributes to produce the injury, will defeat a recovery. *Randall v. N. W. Tel. Co.* 54 Wis. 140; *Williams v. C., M. & St. P. R. Co.* 64 Wis. 1; *Bloor v. Delafield,* 69 Wis. 273; *Schoenfeld v. Milwaukee City R. Co.* 74 Wis. 433.

Whether the evidence was sufficient to sustain a verdict against the defendant on the first question is not altogether clear. Whether the testimony of witnesses whose attention was called to the noise of the train, and who were listening to it, who testify that they did not hear a signal, is to be classed as "merely negative testimony," and as "a mere scintilla of evidence," may be doubted. *Joannes v. Millerd,* 90 Wis. 68. It may be assumed, for the purposes of the decision, that the evidence was sufficient to take the question of the defendant's negligence to the jury. Then it remains to be considered whether the case was so clear and decisive on the question of the contributory negligence of the deceased as to justify the court in taking the question from the jury. For, no doubt, the proof of contributory negligence must be clear and decisive, so as to leave no room for unbiased and impartial minds to come to any other conclusion, in

order to warrant an absolute direction to the jury on that ground. *Valin v. M. & N. R. Co.* 82 Wis. 1.

The deceased was bound to the exercise of ordinary care and attention to his surroundings, in order that he might make his journey safely. This amount of care was due, not only to his own preservation and that of his associates, but to the defendant also. If, by the exercise of such ordinary care and attention,— if, by using his eyes in looking and his ears in hearing,— he could have prevented or avoided the accident, the failure to use such care and attention is such contributory negligence as will defeat the action. It does not appear that the deceased knew that there was a railroad crossing at the place of the accident. But the road on which he was traveling ran in the same direction as the railroad,— in many places parallel with it,— and crossed it several times before reaching Racine. He had lived many years at Racine, and may fairly be presumed to have had general knowledge that the country between Union Grove and Racine was traversed by several railroads. Ordinary care required him to heed these facts. The night was somewhat dark, and the road was unfamiliar. These facts, of themselves, should have inspired caution. But though witnesses speak of the unusual noise of the train, and the direction of the wind was favorable for carrying this noise to them, this party heard nothing of it. The witness Bristol heard the noise of the train, and stopped his team. The headlight was visible, and almost directly in the faces of this party, for a considerable distance, yet none of them saw it until too late to avoid the accident. They seem to have been utterly oblivious and inattentive to all surrounding objects and conditions, and went heedlessly to death. Williams testifies: "I heard no noise. Everything seemed to be quiet, with the exception of the buggy rattling. The buggy rattled a little." "We jogged along without paying any attention to anything, except to see that the horse was in the road.

Steinhofel vs. Chicago, Milwaukee & St. Paul R. Co.

Let the horse go as he pleased." When, suddenly, Olivia Olson " gave a scream and jumped forward," Williams saw "a flash of light," and it was all over. It is considered that the evidence shows a clear and decisive case of contributory negligence, amounting very nearly to recklessness. It was not error to direct the verdict for the defendant.

A motion for a new trial on the minutes of the court, pending at the close of the term, was held for argument after the term, by stipulation of the parties, and not decided until after the expiration of more than sixty days after the rendition of the verdict. Inside of thirty days after the motion was decided, the defendant applied to the clerk to have the costs taxed and inserted in the judgment. The clerk refused to tax them. On appeal from the clerk the court directed the defendant's costs to be taxed, and they were afterwards, after the expiration of the thirty days, taxed. This is alleged as error. Sec. 2894a, S. & B. Ann. Stats., in substance provides that, if the successful party fails to enter and perfect his judgment within sixty days after the rendition of the verdict, he shall be deemed to have waived his right to costs in the action. The statute provides one exception. It provides that, in case there is a stay of proceedings in the action after verdict, the judgment may be perfected "at any time *after* thirty days from the expiration of such stay of proceedings." While, ordinarily, a motion for a new trial on the minutes, pending at the close of the term, falls with the expiration of the term (R. S. sec. 2878; *Prentiss v. Danaher*, 20 Wis. 311), yet it may be kept alive, notwithstanding the expiration of the term, by stipulation of the parties (*Hinton v. Coleman*, 76 Wis. 221). This motion was preserved by such a stipulation. A motion for a new trial pending suspends all proceedings in the action until it is disposed of. 16 Am. & Eng. Ency. of Law, 637, and cases cited in note 4. So there was a stay of proceedings which prevented the judgment to be perfected within

sixty days after the rendition of the verdict. The case was then within the exception made by the statute itself. The right of the prevailing party to tax its costs was not lost, but it was suspended for thirty days after the expiration of the stay of proceedings. The purpose of this provision is not obvious, but the words of the statute are plain as the guileless language of Truthful James. While the right to perfect the judgment was so suspended, the respondent made its application to the clerk to tax its costs, which was refused. The application was premature, and was rightly refused. The appeal to the circuit court from the clerk's ruling brought to that court for review only the case which was before the clerk. *State v. Wertzel*, 84 Wis. 344. The clerk's position should have been affirmed, because, as the case then stood, the respondent had no right to tax its costs. But the court ordered the costs to be taxed, and they were afterwards taxed, after the thirty days had expired, under the order, and not on a new notice of taxation. This was perhaps irregular, but perhaps the order was a sufficient substitute for that notice, so the right to tax defendant's costs, at the time when they were taxed, is sustained.

There had been a former trial of the case, which resulted in a verdict for the plaintiff. The verdict was set aside and a new trial granted on the condition that the defendant pay the costs of the plaintiff in that trial. As taxed, the costs included the defendant's disbursements on the former trial. This seems to be unobjectionable. *Byrne v. B. C. & N. R. Co.* 26 N. Y. Supp. 65, 6 Misc. (N. Y.), 6, and cases cited.

*By the Court.*— The judgment of the circuit court is affirmed.

How near the main transaction declarations must be in order to constitute a part of the *res gestæ*, is considered in an extensive note to *Ohio & M. R. Co. v. Stein* (133 Ind. 243) in 19 L. R. A. 733.— REP.