Alft, Respondent, vs. City of Clintonville, Appellant.

*November 14—December 12, 1905.*

*Municipal corporations: Injuries from defective sidewalks: Notice of defect: Pleading: Correcting clerical error: Instructions to jury: Negative testimony: Appeal: Exceptions.*

1. In an action against a city for personal injuries alleged to have been caused by the decayed condition of a sidewalk, the complaint alleged that defendant's officers knew of such condition of the walk at the time of the injury and "for a long time *thereafter.*" The notice of injury given to the city, a copy of which was annexed to and made part of the complaint, stated that said defect had existed for a long time prior to the accident with the knowledge of the city authorities. *Held,* that the complaint sufficiently alleged that defendant had knowledge or notice of the defect long prior to the accident.

2. It was not a prejudicial error for the court in such case, upon overruling a demurrer to the complaint, to give the plaintiff leave to correct the clerical error therein by substituting the words "prior thereto" for the word "thereafter."

3. A charge to the jury to the effect that the testimony of "one or more" witnesses that they passed over the sidewalk in question and did not see any loose plank or planks is negative in character and entitled to little weight as compared with the testimony of equally credible witnesses that at about the same time they found loose planks there, is *held* proper, there having been one or more witnesses to whom such instruction was applicable.

4. A charge to the effect that the city authorities are legally at fault if they do not use reasonable diligence in discovering and repairing defects, was not erroneous as excluding the question of contributory negligence, where that question was expressly covered by an adequate charge.

5. An assignment of error based on a portion of the charge to which no exception was taken will not be considered on appeal.

Appeal from a judgment of the circuit court for Waupaca county: Chas. M. Webb, Circuit Judge. *Affirmed.*

This action is brought to recover damages for personal injury sustained by the plaintiff, June 20, 1901, by reason of an alleged defective sidewalk at the particular point described.

The description of the alleged defect, in the complaint, is to the effect that the walk was out of repair and insufficient, in that the planks of which it was built were rotten, broken, and defective; that the stringers upon which said planks rested were so rotten and decayed that they could not hold a nail, and the planks could not be fastened to them so as to hold the walk safe and sound, and were unfit to remain as a part of said walk, and were then unsafe and dangerous. The complaint alleges that by reason of the rotten, decayed, and unsafe condition of the walk, as the plaintiff in the exercise of due and ordinary care was walking thereon with her son-in-law, when her son-in-law stepped upon one end of one of the planks in said walk the other end thereof flew up and struck the plaintiff across the right leg at the knee, causing her to fall with great force upon the walk, severely injuring her, to her great damage; that the defendant, its officers, and superintendent of streets, at the time of said injury and for a long time *thereafter*, well knew of such insufficiency and want of repair, rottenness and decay, and unsafe condition of said walk at the point where said injury occurred, and negligently and knowingly permitted the same to remain in such condition; that July 2, 1901, the plaintiff caused written notice to be given to the defendant of such injury and damage, as prescribed by statute, a copy of which notice is annexed to said complaint and thereby made a part thereof; that November 2, 1901, the plaintiff filed with the city clerk her claim for damages for such injuries, which claim and demand was duly presented to the common council of the defendant and by them disallowed in whole; and that more than sixty days had elapsed since such demand and presentation; and prayed judgment.

The notice of such injury, so annexed to the complaint and made a part thereof, repeated such allegations of the complaint as to the insufficiency and want of repair of said sidewalk, and that the planks and stringers thereof were rotten,

broken, decayed, and defective, so that they would not hold
nails, that the planks were not fastened to the stringers, and
that the injury to the plaintiff happened as so alleged in the
complaint, and that "said condition of said walk at the point
designated had existed for a long time prior to the happening
of said accident with the knowledge of said mayor and com-
mon council of said city," and that the injury occurred as so
alleged, and gave notice to the defendant that the plaintiff
claimed satisfaction and damages of the defendant for said
injury.

To such complaint, with such notice of the injury so served
July 2, 1901, thereto annexed and made a part thereof, the
defendant demurred.   The court entered an order overruling
the demurrer, with leave to the defendant to answer upon pay-
ment of $10 costs, and therein gave the plaintiff "leave to
correct a clerical error in the complaint by striking out thereof
the word 'thereafter,' " mentioned therein, "and to insert in
lieu thereof the words 'prior thereto.' "   The defendant an-
swered by way of admissions, denials, and counter allegations.

At the close of the trial the jury returned a special verdict
to the effect (1) that the plaintiff did step on a loose plank
and fall on the sidewalk at the point in question June 20,
1901; (2) that she did sustain injuries by said fall; (3) that
the sidewalk at the time and place where plaintiff was in-
jured was defective, as charged in the complaint, and by rea-
son thereof dangerous to persons traveling thereon; (4) that
the defendant did have notice of such dangerous and defective
condition a sufficient length of time prior to the accident to
have repaired the same by the exercise of reasonable diligence;
(5) that the dangerous and defective condition of the sidewalk
was the proximate cause of the injury which the plaintiff re-
ceived; (6) that the plaintiff was not guilty of any want of
ordinary care which primarily contributed to produce the in-
jury received; (7) that they assessed the plaintiff's damages

at $350. From the judgment entered thereon for the amount stated in favor of the plaintiff, the defendant appeals.

For the appellant there was a brief by *Walter A. Olen,* attorney, and *Edward E. Browne,* of counsel, and oral argument by *Mr. Browne.*

For the respondent there was a brief by *Guernsey & Cole,* and oral argument by *L. Cole.*

CASSODAY, C. J.   1. The principal error complained of consists in overruling the demurrer to the complaint with leave to the defendant to answer upon payment of $10 costs, and in the same order allowing the plaintiff to amend her "complaint by striking out thereof the word 'thereafter' . . . and to insert in lieu thereof the words 'prior thereto,' " as mentioned in the foregoing statement.   Of course, if such original complaint failed to state a cause of action, the demurrer should have been sustained, with leave to the plaintiff to amend her complaint on payment of costs.   So the question turns upon the sufficiency of the original complaint.   As indicated in the statement, the defect in the sidewalk complained of consisted in the fact that, at the time of the injury, the planks and stringers composing the same were rotten, decayed, broken, and defective, and would not hold nails.   If such was the condition of the walk at the time of the injury, it is very obvious that it must have been in that condition for some time prior thereto; and, if so, it might have been inferred that the defendant, its officers, and superintendent of streets knew it for some time prior to the injury.   But, aside from the notice of injury, the original complaint failed to allege such prior knowledge or notice.   Whether they knew it after the injury was immaterial and of no consequence, so far as this action was concerned.   As indicated in such statement, a copy of the notice of the injury was annexed to the original complaint and thereby made a part thereof, and such

notice expressly alleged "that said condition of said walk at the point designated had existed for a long time prior to the happening of said accident with the knowledge of said mayor and common council of said city." So the complaint included the notice, and did allege such prior knowledge and notice. The mere fact that the order of the court gave the plaintiff "leave to correct" what the court deemed to be "a clerical error in the complaint by striking out thereof the word 'thereafter' . . . and to insert in lieu thereof the words 'prior thereto,'" as mentioned, cannot be regarded as prejudicial to the defendant. Certainly it affected no "substantial right" of the defendant within the meaning of the statute (sec. 2829, Stats. 1898).

2. Error is assigned because, in charging the jury on the question as to whether the sidewalk was "defective, as charged in the complaint, and by reason thereof dangerous to persons traveling thereon," the court said:

"In considering the evidence with reference to an answer to this third question, you are instructed that the evidence of witnesses, *one or more,* to the effect that they passed over the sidewalk in question, and that they *did not see any loose plank or planks,* is negative in character, and is, in itself, entitled to comparatively little weight as compared to testimony of equally credible witnesses, if such there were, who testified to passing over said sidewalk at about the same time and found loose plank or planks, if such witnesses so testified."

The general rule as to positive and negative testimony is well understood. 3 Greenl. Ev. (16th ed.) § 375. But the mere form of the question put to the witness does not always determine whether his answer shall be regarded as positive or negative testimony. It depends more upon the opportunity, knowledge, and attention of the witness in regard to the particular fact about which he testifies. Thus it often happens that testimony which is negative in form may be really affirmative in essence and effect, within the real meaning and purpose of the rule. This is well illustrated in numerous

cases in this court. *Sobey v. Thomas,* 39 Wis. 317; *Berg v. C., M. & St. P. R. Co.* 50 Wis. 419, 7 N. W. 347; *Shekey v. Eldredge,* 71 Wis. 538, 37 N. W. 820; *Steinhofel v. C., M. & St. P. R. Co.* 92 Wis. 123, 129, 65 N. W. 852. The criticism is that the portion of the charge so given left the jury to infer that there were "one or more" witnesses who passed over the sidewalk in question and "did not see any loose plank or planks," and hence their testimony was "negative in character," and, comparatively, was not entitled to as much weight as the testimony of equally credible witnesses, "if such there were, who testified to passing over said sidewalk about the same time and found loose plank or planks, if such witnesses so testified." Of course, a person might pass over a sidewalk without observing a loose plank in case he failed to step on it. We are constrained to hold that there were "one or more" witnesses to whom such portion of the charge was applicable. The charge so given to the jury is abundantly justified by the repeated decisions of this court. *Hinton v. Cream City R. Co.* 65 Wis. 323, 337, 27 N. W. 147; *Joannes v. Millerd,* 90 Wis. 68, 70, 71, 62 N. W. 916; *Smith v. Milwaukee B. & T. Exchange,* 91 Wis. 360, 369, 64 N. W. 1041; *Wickham v. C. & N. W. R. Co.* 95 Wis. 23, 25, 69 N. W. 982; *Sutton v. C., St. P., M. & O. R. Co.* 98 Wis. 157, 161, 162, 73 N. W. 993; *Hildman v. Phillips,* 106 Wis. 611, 616, 617, 82 N. N. W. 566. In this last case the refusal to give an instruction quite similar to the portion of the charge in question was held to be error. It was there held that, "where testimony merely negative in its character has been received, the court should upon request instruct the jury that such testimony is entitled to comparatively little weight as compared with the positive testimony of equally credible witnesses."

3. Error is assigned because the court charged the jury that "if the city authorities do not use reasonable diligence in discovering and repairing defects, then they are legally at fault in that regard, whether an accident result or not." The

criticism is that this is so broad as to "exclude the question of the plaintiff's contributory negligence." There is no ground for such contention, since the court expressly charged the jury on the question of contributory negligence that "if you shall be affirmatively satisfied in the manner stated that the plaintiff was guilty of any, *even very slight,* want of ordinary care, which proximately caused or contributed to produce the injury, in such case your answer to question 6 should be 'Yes.'"

4. Error is assigned because the court charged the jury that "by 'ordinary care' is meant such care as persons of ordinary prudence would exercise under the same or like circumstances." The difficulty with such assignment of error is that there is no exception to that portion of the charge. We find no reversible error in the record.

*By the Court.*—The judgment of the circuit court is affirmed.