ROEDLER, Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*September 11—October 9, 1906.*

(1, 5) *Appeal: Special verdict, when disturbed: Exceptions, when considered: Briefs.* (2-4) *Railroads: Injury to person at street crossing: Failure to give signals: Positive and negative testimony: Contributory negligence: Court and jury.* (6, 7) *Instructions to jury: "Ordinary care:" "Proximate cause."*

1. Although findings in a special verdict may be against a clear preponderance of the evidence, they will not be disturbed on appeal if the evidence, considered in the light most favorable to the successful party which it will legitimately bear, is sufficient to sustain them.

2. In an action against a railway company by one who was struck and injured at night by a train at a street crossing, plaintiff's testimony was to the effect that when approaching the track she listened for a train, and that no whistle was blown or bell rung. Defendant's witnesses testified that the signals were given. The court charged the jury generally that "the positive testimony of one credible witness to a fact is entitled to more weight than the testimony of several witnesses equally credible who testify negatively or to collateral circumstances merely persuasive in their character from which a negative may be inferred." *Held,* that it was not error to refuse a specific instruction that plaintiff's testimony as to the bell and whistle was negative and not entitled to the same weight as that of defendant's witnesses.

3. When the facts in a case, though undisputed, are ambiguous and of such a nature that reasonable men, unaffected by bias or prejudice, may disagree as to the inference or conclusion to be drawn from them, the case should be submitted to the jury.

4. Whether in this case the plaintiff, who was struck at night by a train at a street crossing, was guilty of contributory negligence in failing to see the headlight of the train as it approached, is *held,* upon the evidence, to have been a question for the jury.

5. Exceptions merely enumerated in an appellant's brief, but not deemed worthy of specific consideration by counsel, will not be considered.

6. A charge to the jury defining ordinary care as being such care as a person of ordinary care and prudence ordinarily *would*

have exercised under the same or similar circumstances, is not
erroneous by reason of the use of the word "would."

7. A charge that by the term "proximate cause" is meant "the *effi-
cient* cause which produces the injury as a natural and probable
result," etc., is not erroneous by reason of a failure to add, after'
the words "efficient cause," the words "that which acts first."

APPEAL from a judgment of the circuit court for Fond du
Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

This is an action to recover damages for personal injuries
sustained by the plaintiff on the evening of January 31, 1903,
by being struck by the defendant's train while on the sidewalk
on the north side of Western avenue and while crossing or
about to cross the defendant's railway track. The complaint
is in the usual form in such cases, alleging the giving of the
requisite notice January 29, 1904. The defendant answered
by way of admissions and denials.

At the close of the trial the jury returned a special verdict
to the effect (1) that the plaintiff, at the time and place al-
leged, was injured by being struck by defendant's train while
on the sidewalk on the north side of Western avenue and
while crossing or about to cross the railway track; (2) that
the bell on the locomotive was not rung before and while the
locomotive was passing over the crossing; (3) that the whistle
on the locomotive was not blown at or near the Bowen factory;
(4) that the defendant's servants (under the existing circum-
stances) did not use ordinary care towards the public in
handling and running the train while it was approaching and
passing over the crossing at the time and place in question;
(5) that such want of ordinary care on the part of the defend-
ant was the proximate cause of plaintiff's injury; (6) that no
want of ordinary care on the part of the plaintiff contributed
to produce her injury; (7) that $927 will compensate the
plaintiff for the injuries which she received. From the judg-
ment entered thereon in favor of the plaintiff and against the
defendant for the amount stated and costs the defendant ap-
peals.

The appellant's counsel states as undisputed facts in the case that at the time of respondent's injury Western avenue in the city of Fond du Lac ran in an easterly and westerly direction, and appellant's track crossed the same at grade in a northerly and southerly direction. About thirty-six and one-half feet west of appellant's track was a bridge about sixty feet long, which carried Western avenue over Fond du Lac river. At the east end of the bridge and on the north side of Western avenue there was a sidewalk running in a north-easterly direction; it then turned and ran in an easterly direction thirty-six and one-half feet to the west rail of appellant's track. About 400 feet south of the crossing there was a factory building called the Bowen factory, and about thirty-five feet west of the track and south of the crossing were some willow trees. There were no other obstructions to the view south of the crossing, except some telephone poles standing far apart. The respondent at the time of her injury was fifty years of age and had lived on Western avenue, about two blocks from appellant's track, for about twenty years.

For the appellant there was a brief by *Phelps & Watson* and *H. H. Field,* attorneys, and *C. H. Van Alstine,* of counsel, and oral argument by *Mr. Van Alstine.*

For the respondent there was a brief by *Reilly, Fellenz & Reilly,* attorneys, and *Maurice McKenna,* of counsel, and oral argument by *M. K. Reilly.*

CASSODAY, C. J. 1. The complaint alleges that the defendant negligently and carelessly omitted, while its train of cars was approaching and crossing Western avenue at a high and dangerous rate of speed, to ring the bell and blow the whistle as required by the statutes. Secs. 1809, 4392, Stats. 1898. The court charged the jury to the effect that the burden was on the plaintiff to establish such want of ordinary care by a preponderance of the evidence; and then charged them that there was no evidence in the case from which it could be in-

ferred that the train was being run over the crossing faster than six miles an-hour. We must assume, for the purposes of this appeal, that there was no excessive speed of the train. As indicated in the foregoing statement, the jury found that the bell was not so rung nor the whistle so blown. Counsel contend that such findings are against the clear preponderance of the evidence. That seems to be so; but the question here presented is whether there is evidence sufficient to sustain such findings when considered in the most favorable light for the plaintiff it will legitimately bear. *Adams v. C. & N. W. R. Co.* 89 Wis. 645, 649, 62 N. W. 525, and cases there cited; *Bading v. Milwaukee E. R. & L. Co.* 105 Wis. 480, 81 N. W. 861; *Renne v. U. S. L. Co.* 107 Wis. 305, 320, 83 N. W. 473, and cases there cited; *Suckow v. State,* 122 Wis. 156, 160, 99 N. W. 440.

The plaintiff testified 'to the effect that on the evening in question she knew the defendant's railway track was near the bridge on Western avenue; that when she reached the middle of the bridge she listened for the train but heard nothing; that after reaching the east end of the bridge and then going north on the sidewalk to the point where the sidewalk turned to the east, which point is described by other witnesses as being thirty-six and one-half feet from the track, and after walking east a little way on that sidewalk, just how far she could not say, she listened a second time for the train but "heard no whistle blown nor any bell ringing;" and that her hearing was as good as that of other people. At the time the train passed northerly over Western avenue the plaintiff's witness, Wegner, was on that avenue and about 100 or 125 feet east of the train traveling toward the train, and he testified to the effect that he saw the train coming; that it passed over the avenue while he was going west on the avenue; that he first saw the headlight, then the train; that the headlight was very dim and the night very dark; that the bell was not rung at any time from the time he saw the headlight till it passed, nor while

walking toward the track, and no whistle was blown; and
that as he was crossing the track he heard the plaintiff moan
on the west side of the railroad track. It is claimed on the
part of the defendant that such testimony of the plaintiff in
respect to ringing the bell and blowing the whistle was nega-
tive and not entitled to the same weight as the testimony of
the defendant's witnesses on the subject; and the court was
requested to charge the jury accordingly. After charging the ·
jury that they were "the sole judges as to the credibility of
witnesses," the court charged the jury:

"The positive testimony of one credible witness to a fact is
entitled to more weight than the testimony of several witnesses
equally credible who testify negatively or to collateral circum-
stances merely persuasive in their character from which a neg-
ative may be inferred."

The law on the subject has frequently been discussed by
this court and need not be here reiterated. *Joannes v. Mil-
lerd,* 90 Wis. 68, 70, 71, 62 N. W. 916; *Steinhofel v. C., M.
& St. P. R. Co.* 92 Wis. 123, 129, 65 N. W. 852; *Alft v.
Clintonville,* 126 Wis. 334, 338, 339, 105 N. W. 561, and
cases there cited. As said in the opinion and held by the
court in one of these cases:

"Whether the testimony of witnesses whose attention was
called to the noise of the train, and who were listening to it,
that they did not hear a signal, is 'merely negative testimony'
or 'a mere scintilla of evidence,' may be doubted." 92 Wis.
123, 129, 65 N. W. 852, 853.

We cannot say that there was error in submitting such ques-
tions to the jury nor in refusing further instruction upon the
subject.

2. Error is assigned because the court refused to direct a
verdict in favor of the defendant on the ground of the plaint-
iff's contributory negligence. This is based upon the fact,
which seems to be undisputed, that the headlight was burning.
Since this is so, it is claimed that there was a want of ordi-
nary care on the part of the plaintiff in failing to see the head-

light before passing onto or near the track. This is the vital question in the case and is not free from difficulty. In deciding it the situation and circumstances should be appreciated and the viewpoint of the several witnesses considered. The injury occurred soon after 8 o'clock in the evening, at a time when it was very dark, and there were no street lights in the vicinity except an arc light 286 feet east of the track. At the place in question the defendant's track ran in a northeasterly and southwesterly direction and crossed Western avenue, which ran in an east and west direction. The width of that avenue between the sidewalks was fifty feet. About thirty-six and one-half feet west of the defendant's west rail was the east end of a bridge about sixty feet long which carried Western avenue over the Fond du Lac river. At the east end of that bridge and on the north side of that avenue there was a sidewalk running in a northeasterly direction and parallel with the railway track for a distance of eighteen feet. It then turned and ran directly east to the railway track, a distance of thirty-six and one-half feet. That sidewalk was about five feet wide, and the curb between that sidewalk and the street was about ten feet wide. In that curb were three posts, one fourteen inches in diameter near that sidewalk and twenty-nine feet west of the west rail, another (the sign-post) fourteen feet west of that rail and about the middle of that curb, and another on the curb line fourteen and one-half feet west of that rail. There was another post inside the curb on the south side of that avenue and thirty-nine feet west of the rail. About sixty feet south of the north sidewalk over the bridge and about thirty-five feet west of the track were some willow trees. Four of the witnesses who were either on the bridge or west of it testified that they saw the headlight or the lighted train when it was at or near the Bowen factory. Another witness was on the sidewalk on the south side of that avenue and on a line with Oak street and testified that he first saw the train coming

around Bowen's plant when he was west of the bridge walking east on the south sidewalk of the avenue, and that when the train passed over the avenue he was eight or ten feet from the track. Another witness who saw the headlight was on the fence on the east side of the track, and he got down and boarded the baggage car as it passed over that avenue. The plaintiff's witness (Wegner) was east of the track and going toward it and saw the headlight, very dim, and then the train, ahead of him; it was very dark, and he could not tell how near he was to the train when it passed, but thought it was about 100 or 125 feet from him. The situation indicates that the train was coming partially toward him. It will be observed that the viewpoint of none of the witnesses was the same or similar to that of the plaintiff. She testified to the effect that she knew the track of the defendant across that avenue was there near the bridge; that when she came onto the bridge from the west, feeling of the railing, she knew there was a railroad there, and when she was about the middle of the bridge on the north sidewalk, as she thought, she looked and listened and heard nothing, looked south and neither heard anything nor saw anything; that in passing over the bridge her back was partially toward the coming train if it was then in sight; that when she reached the east end of the bridge she turned and followed the sidewalk in a northeasterly direction and parallel with the railway track for a distance of eighteen feet, and while passing over that part of the sidewalk her back was directly toward the coming train; that she then turned and followed the sidewalk, which from that point to the track was thirty-six and one-half feet in length; that while passing over the same her back was partly toward the coming train, and while walking thereon she looked and listened a second time; that she could not say about how far she was from the railway track when she looked a second time, because it was so dark and there was no light burning; that when she so looked a second time she looked to the south and

listened but heard nothing and saw no headlight; that she walked real slow because it was so dark; that she could see and hear as well as other people; that when she looked and listened a second time she may have stopped just a moment to look over, but as to that she could not say exactly; that she knew there was a track around that way, but it was so dark she could not see anything; could not say how far away from the track she was when she looked the second time, but that it was not very long until she was struck.

It appears from the diagram in evidence that the willow trees mentioned could not have obstructed the plaintiff's vision in the direction of the train, unless it was while she was on the bridge or the eighteen-foot strip of sidewalk mentioned, and there is no claim that she looked a second time until after she had passed onto the strip of sidewalk thirty-six and one-half feet long, mentioned, and while on that part of the sidewalk neither the willow trees, nor the post south of the avenue, mentioned, could have prevented her from seeing the headlight, unless while it was 200 or 300 feet southwesterly from the avenue. If there was anything to obstruct her vision from seeing the headlight at any time while she was on that strip of sidewalk, it must have been one or more of the three posts on the curb and near that sidewalk, one of which was twenty-nine feet from the track and the other two fourteen feet and fourteen and one-half feet respectively. As indicated, while on that part of the sidewalk her back was partly toward the train coming from the southwest.

There is no evidence that the plaintiff knew the exact direction from which the train would approach the avenue. She repeatedly testified that when she looked she looked to the south. If she looked directly to the south, then she looked across the track and down Oak street, east of the railway track. Neither the engineer nor the fireman on the train saw the plaintiff when she was struck nor before, notwithstanding they could see the track ahead of the train by reason of the

headlight. None of the witnesses saw the plaintiff when she was struck nor before, unless it was two of the witnesses who testified that between the place where they were on the bridge and the railway track they observed a dark object on the sidewalk, but could not say whether it was moving or standing.

The question recurs whether upon the evidence, thus outlined, error was committed by refusing to direct a verdict in favor of the defendant by reason of the failure of the plaintiff to observe the headlight. Of course, it is well settled that, except when contributory negligence is disclosed by the testimony on the part of the plaintiff, it is purely a matter of defense, and the burden of proving it is upon the defendant. *Hoye v. C. & N. W. R. Co.* 67 Wis. 1, 15, 29 N. W. 646, and cases there cited; *Thoresen v. La Crosse City R. Co.* 94 Wis. 129, 133, 68 N. W. 548; *Owen v. Portage Tel. Co.* 126 Wis. 412, 416, 105 N. W. 924. Here it is claimed that contributory negligence was disclosed by the evidence on the part of the plaintiff. What constitutes negligence is, generally, a question of fact for the jury. This is especially so when the standard of duty is a shifting one. As this court has, in effect, frequently declared, when the facts and circumstances in a given case, though undisputed, are ambiguous and of such a nature that reasonable men, unaffected by bias or prejudice, may disagree as to the inference or conclusion to be drawn from them, then the case should be submitted to the jury. *Tiborsky v. C., M. & St. P. R. Co.* 124 Wis. 243, 246, 247, 102 N. W. 549, and cases there cited. With some hesitancy we have reached the conclusion that this is such a case. The result is that we cannot hold, as a matter of law, that the plaintiff was guilty of contributory negligence.

3. Error is assigned because the court refused to set aside the verdict and grant a new trial. Under this head twenty-two exceptions are stated in addition to those involved in the questions already considered, and they consist merely in referring to the pages of the record where such exceptions may

be found. No grounds are stated, no propositions argued, and no principles of law discussed. Obviously, such enumeration of exceptions is not what is contemplated by the rules of this court as to what a brief should contain. Mere exceptions, not deemed worthy of specific consideration by counsel, cannot be expected to receive consideration from this court.

4. On the oral argument our attention was called to certain portions of the charge wherein the jury were told:

"By the term 'ordinary care' as used in the fourth question is meant such care as a person of ordinary care and prudence ordinarily *would* have exercised under circumstances the same as or similar to those disclosed by the testimony in this case."

And again:

"If you believe from the evidence that the trainmen in the running of the train at the crossing used such care to protect the public as persons of ordinary intelligence and prudence ordinarily *would* have used under the same or similar circumstances, your answer to this question should be 'Yes.'"

The criticism is to the use of the word "would." Such use seems to have been expressly sanctioned by this court. *Hanlon v. Milwaukee E. R. & L. Co.* 118 Wis. 210, 223, 95 N. W. 100.

5. So we perceive no error in charging the jury: "By the term 'proximate cause' as used in this question is meant the *efficient* cause, which produces the injury as a natural and probable result," etc. The criticism is that after the words "efficient cause" there should have been added "that which acts first." There seems to be no good reason for the criticism.

*By the Court.*—The judgment of the circuit court is affirmed.