Hoag, Respondent, vs. Nanstad, Appellant.

*April 21—May 11, 1909.*

*Appeal and error: Insufficient assignment of error: Review: Questions of fact: Conclusiveness of court's findings.*

1. Assignments of error as to the rejection of evidence, leaving the supreme court to search for the particular rulings and offered evidence referred to and the relation thereof to other evidence in the case, will ordinarily be disregarded.
2. The determination of the trial court on a question of fact will not be disturbed unless clearly wrong.

APPEAL from a judgment of the circuit court for Jackson county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

Action to recover on a promissory note of $150 given by the defendant to plaintiff. The defendant answered that the note was without consideration, in that it was given pursuant to and in consideration of a promise, on the part of plaintiff, who is a physician, to cure defendant of a dangerous disease of which he was, and still is, afflicted, and plaintiff has failed to do so.

The issues upon the evidence are indicated by the special verdict containing these findings: Plaintiff treated defendant

for varicocele.   He has been fully paid therefor.   The $193 note mentioned in the evidence was given by defendant for treating his wife and sister.   The note in suit was not given in consideration of a balance due on the $193 note.   When the $150 note was given and in consideration thereof, plaintiff promised to cure defendant of varicocele.

On motion the negative was changed to an affirmative finding and judgment was rendered for plaintiff as prayed for.

*L. Olson Ellis,* for the appellant.

*G. M. Perry,* for the respondent.

MARSHALL, J.   The first error assigned is that the court refused to allow questions to be answered calling for evidence showing that the note was obtained by fraud.   There seem to be two sufficient answers to that.   *First.* Counsel fails to point out any place in the printed case indicating that any such evidence was rejected; thus leaving us to search through some over a hundred pages of printed matter to find out what the complaint is directed to and whether it has any foundation.   Assignments of error as to the rejection of evidence, treated only in a most general way, leaving the court here to search for the particular rulings and offered evidence referred to and the relation thereof to other evidence in the case, cannot be regarded as worthy of consideration.   Ordinarily such assignments of error are disregarded.   *Roedler v. C., M. & St. P. R. Co.* 129 Wis. 270, 279, 109 N. W. 88.   *Second.* Appellant seems to have admitted, as the trial court found, that the note was given in place of a previous note, given for medical treatment of appellant's wife and sister, and so it was in no way connected with the treatment of himself, in relation to which, as seems, it was claimed false representations were made.

The last foregoing really answers the ruling most complained of, *i. e.* that the trial court changed the finding of the jury on the question of whether the note in suit was given to

take up a partly paid note for $193, representing the agreed
price to appellant for treatment by respondent of the former's
wife and sister, from the negative to the affirmative.   If the
fact be as the court found, it efficiently answers or renders
immaterial all of appellant's complaints, for no defense is
claimed to the indebtedness to respondent for such treatment.

True, the evidence of plaintiff on the question of the con-
sideration of the note is not clear, but it seems the court had
very good reason for reaching the conclusion which it did.
Under the rule that a determination of that nature will not be
disturbed on appeal unless it appears to be clearly wrong, it
is the opinion of the court that the decision must be regarded
as right and to leave nothing for appellant to stand on in op-
position to the judgment.

 *By the Court.*—Judgment affirmed.