BROWN, Appellant, vs. MILWAUKEE ELECTRIC RAILWAY &
Light Company, Respondent.

*November 17, 1911—January 30, 1912.*

*Negligence: Question for jury: Street railways: Injury to traveler on. street: Contributory negligence: Special verdict: Form of questions: Instructions to jury: Evidence: Weight: Positive and negative testimony: Appeal: Harmless errors.*

1. Where the evidence tends to prove negligence, but contradictory inferences may also logically be drawn therefrom, the question of negligence is for the jury.
2. Evidence showing, among other things, that on a dark rainy night plaintiff, who was familiar with the street and the operation of electric cars thereon, drove in a buggy for a considerable distance on the track upon which the cars would necessarily come up behind him; that there was room for him to travel on the street outside of the tracks; that the car by which he was injured made considerable noise as it approached; and that, although it was too dark to see the tracks, he had shortly before the accident turned out to let another car pass,—is *held* to sustain a finding by the jury of contributory negligence.
3. A question in a special verdict, "Did any want of ordinary care on the part of the plaintiff proximately contribute to the *damages* which he has sustained?" was faulty and improper, the proper inquiry being whether such want of care proximately contributed to his *injury.*
4. In an action for injuries to a traveler whose buggy was struck at. night by an electric car coming from behind, instructions to the effect that it was the duty of the motorman in the exercise of ordinary care to keep a proper lookout to avoid collision with persons and vehicles upon the streets; that the street car at the time of the accident was entitled to precedence in the use of the portion of the street upon which the tracks were constructed; that the motorman had the right to assume the ordinary traveler would yield to the passage of the car; and that he was entitled to indulge in such presumption until the contrary became apparent to a person exercising ordinary care in the same or similar circumstances,—were correct in the abstract; and although the court might, if requested, have been required to add exceptions or modifications recognized by law, yet in the absence of any such request the failure to do so was not. error.

5. Although in such a case it would have been better to treat the negligence of the defendant and that of the plaintiff separately in the instructions, yet it cannot be held that the jury were misled or that there was error prejudicial to the plaintiff because, in the charge upon the question of contributory negligence, the trial court referred to the general rules as to the relative rights and duties of the motorman and a traveler upon the highway, which had previously been given upon the question of defendant's negligence.

6. Neither the testimony of a traveler whose buggy was struck by an electric car that, at and before the time of the collision, he was listening for the gong of an approaching car and did not hear it, nor the testimony of one who was in the street waiting for the car to go by so that he could go on with the matter he had in hand that he heard no other noise than the vibration of the car in motion, was merely negative testimony, though negative in form; and it was error to give to the jury, with reference to such testimony and the testimony of the motorman that he did sound the gong, the rule as to the comparative weight of positive and negative testimony.

7. The error in giving such rule was not, however, prejudicial to the plaintiff in this case, the jury having found him guilty of contributory negligence in a particular not affected by the failure to sound the gong and such finding not having been influenced by the erroneous charge.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Houghton, Neelen & Houghton,* and oral argument by *F. W. Houghton.* As to the relative rights and duties of a motorman and a traveler on the street, they cited *Currie v. Consolidated R. Co.* 81 Conn. 383, 71 Atl. 356; *Lauson v. Fond du Lac,* 141 Wis. 57, 123 N. W. 629; *Cawley v. La Crosse City R. Co.* 106 Wis. 239, 82 N. W. 197; 2 Joyce, Electric Law, § 592; *Consolidated T. Co. v. Haight,* 59 N. J. Law, 577, 37 Atl. 135; *White v. Worcester C. St. R. Co.* 167 Mass. 43, 44 N. E. 1052; *Galbraith v. West End St. R. Co.* 165 Mass. 572, 43 N. E. 501. And to the point that the court erred in its charge as to positive and negative testimony, *Anderson v. Horlick's M. M. Co.* 137 Wis. 569, 119 N. W. 342; *Urbanek v. C., M. & St. P. R.*

*Co.* 47 Wis. 59, 1 N. W. 464; *Berg v. C., M. & St. P. R. Co.*
50 Wis. 419, 7 N. W. 347; *Ralph v. Chicago & N. W. R. Co.*
32 Wis. 177; *Joannes v. Millerd,* 90 Wis. 68, 62 N. W. 916;
*Wickham v. C. & N. W. R. Co.* 95 Wis. 23, 69 N. W. 982;
*Sutton v. C., St. P., M. & O. R. Co.* 98 Wis. 157, 73 N. W.
993; *Alft v. Clintonville,* 126 Wis. 334, 105 N. W. 561;
*Selensky v. C. G. W. R. Co.* 120 Iowa, 113, 94 N. W. 272;
*Stanley v. C. R. & M. C. R. Co.* 119 Iowa, 526, 93 N. W.
489; *Rockford, R. I. & St. L. R. Co. v. Hillmer,* 72 Ill. 235;
*Annaker v. C., R. I. & P. R. Co.* 81 Iowa, 267, 47 N. W. 68;
*Rainey v. N. Y. C. & H. R. R. Co.* 68 Hun, 495; *Mo. Pac.*
*R. Co. v. Johnson,* 44 Kan. 660, 24 Pac. 1116; *McCormick*
*v. K. C., Ft. S. & M. R. Co.* 50 Mo. App. 109; *Dyer v. Erie*
*R. Co.* 71 N. Y. 228; *Cotton v. W. & S. F. R. Co.* 99 Minn.
366, 109 N. W. 835; *McLean v. Erie R. Co.* 69 N. J. Law,
57, 54 Atl. 238; *Haun v. R. G. W. R. Co.* 22 Utah, 346, 62
Pac. 908; *Gibson v. B. & L. E. R. Co.* 226 Pa. St. 198, 75
Atl. 194, 27 L. R. A. N. s. 689; *Morgan v. Iowa Cent. R.*
*Co.* 151 Iowa, 211, 130 N. W. 1058.

For the respondent there was a brief by *Van Dyke, Rose-
crantz, Shaw & Van Dyke,* and oral argument by *Clarke M.*
*Rosecrantz.*

The following opinion was filed December 5, 1911:

TIMLIN, J.   In this action for negligent injury the jury
found the defendant negligent and also made the following
findings:

(3) A person in the exercise of ordinary care, driving a
buggy under circumstances similar to those in this case,
would have discovered the approach of the car in time to
have avoided the collision if he had made diligent use of his
senses of sight and hearing.

(4) Ordinary care did not require the plaintiff to look to
the rear with such frequency that, considering such obstruc-
tions to his vision as he may have known to exist and assum-
ing that the car was operated in the usual manner, he should

have discovered its approach in time to have avoided the accident.

(11) In the exercise of ordinary care the plaintiff should have been driving his horse and buggy at the west side of defendant's tracks at the time of the collision.

(12) If the plaintiff had been so driving the collision would have been avoided.

(13) Want of ordinary care on the part of the plaintiff proximately contributed to the damages which he has sustained.

It is contended that the answers to these questions are not supported by the evidence, should have been set aside, and a judgment for $6,500, the amount found by the jury, should have been rendered for the plaintiff. Where the evidence tends to prove negligence, but contradictory inferences may also logically be drawn therefrom, the question of negligence is for the jury. There was evidence that the plaintiff was familiar with the road and the operation of cars thereon; that the night was dark and rainy; that there was a wagon track and room for him to travel on the street out of the reach of passing cars and alongside of the railway tracks. There were two railway tracks in the street, and he going south drove on the west track, that used by cars going south, which would necessarily come up behind him; also that he continued on this railway track for several hundred feet and that the approaching car made considerable noise. The night was so dark that he could not see where the tracks were, but he had shortly before the accident turned out to let another car pass him. This presented sufficient evidence upon which the jury might base a finding of contributory negligence on the part of the plaintiff.

The thirteenth question submitted is faulty and cannot be approved. The proper question is whether the plaintiff's want of care proximately contributed to the injury, not to the damages. But the third, eleventh, and twelfth findings above mentioned cover the question of contributory negli-

gence, even without any aid from the thirteenth finding. Under such showing we cannot undertake to reverse the rulings of the court refusing to change the answers of the jury to the questions finding the plaintiff guilty of contributory negligence, and hence the motion for judgment in favor of the plaintiff was properly denied.

Various errors are assigned in submitting certain questions of the special verdict to the jury, in refusing to submit others, in admitting and excluding evidence, and in refusing and giving instructions to the jury, all of which have been considered, but only the following need be discussed:

The court instructed the jury that it was the duty of the motorman, in the exercise of ordinary care, to keep a proper lookout as to the tracks and streets upon which he is operating the car so as to avoid collision with persons and vehicles upon the street; that the street car at the time of the accident was entitled to precedence in the use of the portion of the street upon which its tracks were constructed, and the motorman had the right to assume the ordinary traveler upon the highway would yield to the passage of the car; that he was entitled to indulge in such presumption until the contrary became apparent to a person exercising ordinary care under the same or similar circumstances. Instructing the jury relative to the thirteenth finding, the court added: "Now, gentlemen of the jury, not to be misled on that, you will have in mind what I have heretofore said to you with reference to the relative duties of the parties, the relative rights or relative duties of the parties, upon this public highway. Always have that in mind when considering these questions that bear upon this proposition." The jury, after deliberating several hours, returned to the court room and requested the reading of that part of the charge with reference to the right the motorman had to assume that his track was clear, and the portions of the charge above referred to were read.

The appellant contends that the instructions were erroneous

under the rule of *Lauson v. Fond du Lac,* 141 Wis. 57, 123 N. W. 629, and that there should have been added a statement to the effect that the speed with which any vehicle can be driven over a highway at night must be determined partly in view of the distance ahead at which travelers upon or approaching the same highway would become visible. The instructions given here were correct in the abstract, and there was no request for their modification by adding the particulars mentioned in *Lauson v. Fond du Lac, supra,* if indeed such instruction was applicable to the instant case. The jury found the defendant negligent and that is all the plaintiff claimed. By finding the plaintiff guilty of contributory negligence they necessarily found that, notwithstanding the negligence of the defendant in the particulars disclosed by the evidence, the plaintiff's negligence was also a contributing cause of the injury. It would have been better to treat the negligence of the defendant and that of the plaintiff separately in the instructions, but we cannot say that the jury were misled or that prejudicial error resulted from the reference by the court in his instructions relative to the thirteenth finding to the more abstract propositions of law concerning the relative duties of the parties on the highway. Upon proper request the court might have been required to add exceptions or modifications recognized by law for these same general rules, but in the absence of such request error cannot be predicated upon the failure of the trial court to do so. The court also instructed the jury as follows:

"There is a question here with reference to the sounding of the gong which you might reach in the course of your deliberations; evidence was given upon both sides upon that subject. You are instructed that the positive testimony of a single witness who testifies that the bell rang on the occasion in question is entitled to more weight than that of two witnesses equally credible who testify negatively that they did not hear it ring. Of course you must bear in mind, in applying this rule, that much depends upon the circumstances,

such as the opportunity of the witnesses for knowing, and the attention which they gave, and which it appears from the evidence they probably gave under all the circumstances shown. The mere fact that one witness testifies contrary to another does not discredit either. The credibility of all witnesses, as I said before, and the weight to be given to the testimony of each, is wholly for your consideration and determination. Positive testimony of a small number of witnesses' that they saw or heard a given thing occur, will outweigh the negative testimony of a greater number of witnesses that they did not see or hear it, provided the witnesses are equally credible; but in connection with this instruction should be considered the relative means or opportunity of the several witnesses to see or hear the occurrence, and that it should be carefully kept in mind that it only applies where the witnesses are equally credible. That is, the rule only applies under these circumstances."

This part of the charge was quite erroneous. The motorman testified that he did sound the gong, and the plaintiff testified that he was listening for the gong of an approaching car at and before the time he was struck by the car and didn't hear it. Within the rule attempted to be given to the jury by the court there was no merely negative testimony in this. The rule referred to has a limited application. Within this limited scope it is accurate and valuable, but it can be very misleading if applied where the alleged negative testimony is merely negative in form. *Anderson v. Horlick's M. M. Co.* 137 Wis. 569, 119 N. W. 342; *Urbanek v. C., M. & St. P. R. Co.* 47 Wis. 59, 1 N. W. 464; *Alft v. Clintonville,* 126 Wis. 334, 105 N. W. 561. Even the testimony of the witness Woolgar is not purely negative within the rule in question. He testified that his hearing was good; that there were no noises or disturbances to interfere with his hearing; that on former occasions, from substantially the same position, he heard the gong sound at different points within a distance of about five blocks; that on the occasion in question he heard the sound of the approaching car prior to the collision.

His mental attitude was not that of a listener, but he was in the street waiting for the car to go by so that he could go on with the matter he had in hand, and had heard no other noise except the vibration of the car in motion. His testimony could not be classed as negative within the rule referred to by the learned circuit court. For an illustration of clearly negative testimony within this rule see *Jordan v. Osborne,* 147 Wis. 623, 133 N. W. 32. But this error, we think, was not prejudicial. The defendant was found negligent. Therefore it was not prejudicial to the plaintiff on that score. The plaintiff was found guilty of contributory negligence in a particular not affected by the failure to sound the gong. Therefore the verdict was not affected by the misdirection on that score. Even if the jury had found that there was a failure to sound the gong and that the defendant was also negligent in that particular, this could not prevail to entitle the plaintiff to judgment as long as the finding, supported by evidence, remains to the effect that in the exercise of ordinary care the plaintiff should have been driving his horse and buggy at the west side of defendant's tracks at the time of the collision, and that if the plaintiff had been so driving the collision would have been avoided. We cannot think this finding was influenced by the erroneous charge relative to negative and positive testimony concerning the sounding of the gong.

The evidence presented a case for the jury, and, the jury having found as indicated, that finding must control. We must apply the same rule in support of this verdict as we have in many cases in support of a finding acquitting the plaintiff of contributory negligence or finding the defendant guilty of negligence. Weighed in the same scales we can find no ground for disturbing this finding either for want of evidence or for misdirection which affected the fatal finding.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied January 30, 1912.